The STATE of Ohio, Appellee,

v.

MEISTER, Appellant.

[Cite as *State v. Meister* (1991), 76 Ohio App.3d 15.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–900401, C–900402, C–900403.

Decided Aug. 28, 1991.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Stephen J. Wenke,* for appellee.

*Cathy R. Cook,* for appellant.

*Per Curiam.*

The defendant-appellant, William E. Meister, Jr., appeals from his convictions in which the trial court vacated his initial felony sentence before its execution and imposed an increased term of imprisonment. In his two assignments of error, the defendant contends that the trial court committed error by (1) overruling the defendant's motion to withdraw his guilty pleas, and (2) failing to conduct an evidentiary hearing to determine if he had complied with the plea bargain. In reversing two of the three convictions, we have recast the first assignment of error to reflect what we believe to be the more fundamental issue underlying the defendant's argument: whether the trial court could have validly imposed the second sentence after it had vacated the first.

The defendant entered into a plea bargain in which he agreed to plead guilty to certain felony counts in two 1989 indictments and no contest to three counts of probation violation stemming from 1986 convictions. After ordering a presentence investigation, the trial judge sentenced the defendant on April 30, 1990, as follows: in B–895709, two years' imprisonment on Counts 2 and 3 (passing bad checks) to run concurrently with each other and with the B–897223 sentence, but consecutive to the B–861565 sentence; in B–897223, two years' imprisonment on Counts 3, 4 (theft) and 6 (receiving stolen property), and one and one-half years' imprisonment on Count 5 (theft), each count to

run concurrently with the others and with the B–895709 sentence, but consecutive to the B–861565 sentence. In B–861565 (probation violation), the trial judge announced from the bench that the defendant was sentenced to serve the previously ordered three one-year definite terms of imprisonment, to run consecutively to each other and to the sentences in B–895709 and B–897223, but he did not journalize this order until May 10, 1990. Since the plea bargain included the defendant's agreement to pay restitution to the victims, the trial court's judgment entry in B–895709 and in B–897223 also provided that the defendant was to pay specific amounts of restitution in each count, which totalled $14,120 together, and $960 in court-appointed public-defender fees.

When the trial judge learned that the defendant could not pay restitution on April 30, 1990, he continued the case for ten days and, at the urging of the prosecutor, informed the defendant that failure to pay restitution by May 10, 1990 would cause the trial judge to consider increasing the sentence. On that same day the trial judge signed and the clerk entered a judgment entry which included the sentences imposed in B–895709 and B–897223. Neither judgment entry stated that the sentence was conditional or subject to subsequent suspension of execution.

On May 10, 1990, when the defendant again appeared before the trial judge without the means to pay the court-ordered restitution, the trial judge announced that he was vacating the sentences previously imposed. He then sentenced the defendant to the same sentences, except with respect to Counts 3 and 4 in B–897223 and their relation to B–895709, where he ordered that the two years' imprisonment on each of the two counts was to run consecutive to each other and to the B–895709 sentence, with "credit for days served." The effect was to increase the aggregate sentence from five to nine years of imprisonment. Upon imposition of the sentence, counsel made an oral motion to withdraw defendant's plea, which the trial judge overruled. On May 10, 1990, the clerk entered a second set of judgment entries, which reflected the increased sentences and the sentence for the probation violation.

■ We see the issue as whether a trial court can suspend a defendant's sentence before its execution and impose a more severe sentence for a felony conviction. Notably, the Fifth Amendment guarantee against double jeopardy is not the vehicle for analysis of the issue. Both historically and as a matter of policy, a trial court may resentence a defendant who has not begun to serve the sentence to a more severe sentence without violating the multiple-sentences protections of the Double Jeopardy Clause. The reason is that, before its execution, a sentence lacks the constitutional finality of a verdict of acquittal. *United States v. DiFrancesco* (1980), 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328; *State v. Vaughn* (1983), 10 Ohio App.3d 314, 10 OBR 520, 462

N.E.2d 444. Cf. *Whalen v. United States* (1980), 445 U.S. 684, 703, 100 S.Ct. 1432, 1443, 63 L.Ed.2d 715, 731 (Rehnquist, J. dissenting).

Having once journalized the sentence, the trial court is limited in its discretion to suspend execution of a criminal sentence to those instances in which statutory authority exists. In *State v. Smith* (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, 200, the Ohio Supreme Court concluded that, despite a historical basis, trial courts do not now have inherent power to suspend a sentence, stating:

"Accordingly, we must reiterate that the courts of common pleas 'do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute.' *Municipal Court v. State ex rel. Platter* (1933), 126 Ohio St. 103, 184 N.E. 1, paragraph three of the syllabus. Accord *State ex rel. Gordon v. Zangerle* (1940), 136 Ohio St. 371, 16 O.O. 536, 26 N.E.2d 190, paragraph six of the syllabus; see, also, *Lakewood v. Davies* (1987), 35 Ohio App.3d 107, 519 N.E.2d 860; *State ex rel. Dallman v. Court of Common Pleas* (1972), 32 Ohio App.2d 102, 61 O.O.2d 97, 288 N.E.2d 303. Moreover, because suspension of sentence is a special statutory procedure, the statutory authority for such suspension must be specific in its terms and must also be strictly construed. *State ex rel. Dallman v. Court of Common Pleas, supra,* paragraph one of the syllabus; *State v. Ellington* (1987), 36 Ohio App.3d 76, 77, 521 N.E.2d 504, 505."

The statutory authority authorizing a trial court to modify a sentence before its execution is contained in R.C. 2929.51. Under subdivisions (A), (C) and (D), the trial judge may suspend a felony sentence of imprisonment and place the defendant on probation or impose a more lenient "split sentence" before the defendant is delivered to a penal institution or, in the case of a misdemeanor, the trial judge may suspend all or part of the sentence. However, no statutory authority exists to permit suspension of the original sentence and imposition of an increased term of imprisonment—only a lesser term. The following are exceptions: (1) upon retrial after appeal or a new trial, *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, overruled on other grounds, *Alabama v. Smith* (1989), 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865; (2) for a probation violation in which the initial sentence by its nature is deemed to be conditional, *State v. McMullen* (1983), 6 Ohio St.3d 244, 6 OBR 312, 452 N.E.2d 1292; (3) where the initial sentence is less than the statutory minimum and the court imposes a more severe sentence that is within the statutory requirements, *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774; *State v. Vaughn, supra;* (4) where the trial court does not journalize the announced sentence, *State v. Harris* (1981), 2 Ohio App.3d 48, 2 OBR 54, 440 N.E.2d 572; *State v. Wilcox*

(Mar. 31, 1982), Hamilton App. No. C–810387, unreported, 1982 WL 4738; or (5) where the sentence is incomplete, *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 7 OBR 347, 455 N.E.2d 519.

The trial judge's initial sentence set forth in his order of April 30, 1990, became final when it was entered by the clerk pursuant to Crim.R. 32(B) and App.R. 4(B). *State v. Harris, supra.* Although the transcript of the sentencing proceeding reflects that the trial judge intended the first sentence to be only conditional upon satisfaction of the ordered restitution, his order was silent as to any condition. The journalized order is what controls the sentence because a court speaks only through its journal. See *State v. Ellington* (1987), 36 Ohio App.3d 76, 521 N.E.2d 504. Where the journalized order and the trial judge's comments from the bench conflict, the journalized order is controlling. *Economy Fire & Cas. Co. v. Craft Gen. Contractors, Inc.* (1982), 7 Ohio App.3d 335, 7 OBR 432, 455 N.E.2d 1037.

Accordingly, absent one of the exceptions, the trial judge lacked the power to suspend execution of the defendant's sentence of April 30, 1990 after it was journalized. The trial judge could not afterwards order an increased sentence. Consequently, the sentence imposed and journalized on May 10, 1990 is void.

The defendant correctly maintains that a motion to withdraw a guilty plea is one means to challenge a void sentence. After sentence is imposed (pursuant to Crim.R. 32.1), if a defendant demonstrates, through his motion to withdraw his plea of guilty, the existence of a manifest injustice, the trial court abuses its discretion by overruling the motion. See *State v. Stumpf* (1987), 32 Ohio St.3d 95, 512 N.E.2d 598. In reality, however, here the defendant's complaint relates to the increases resulting from the sentencing modifications in B–897223 and B–895709 only, and not to the voluntariness of his pleas or to the prosecutor's or trial judge's breach of the terms of the plea bargain. The colloquy between the defendant, his counsel and the trial court confirms that he was satisfied with his lawful sentences as imposed by the trial judge on April 30, 1990. The record fails to demonstrate that the trial judge abused his discretion in imposing the first sentences entered by the clerk on April 30, 1990. Therefore, the defendant's first assignment of error, as it has been recast to challenge his second sentence, is sustained for the foregoing reasons. The second assignment of error is overruled because, under the circumstances, there was no need to conduct an evidentiary hearing to resolve what was purely a question of law.

We reverse the trial court's sentences entered on May 10, 1990, in B–897223 (App.No. C–900401) and B–895709 (App.No. C–900402), and remand this cause

**20**

to the trial court with directions to reinstate the sentences originally imposed under those two trial numbers. We affirm the judgment in B–861565 (App. No. C–900403).

*Judgment accordingly.*

GORMAN, P.J., SHANNON and DOAN, JJ., concur.