OPINION
Defendant Lloyd A. Justice appeals a judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, finding him to be in violation of the conditions of his probation, and ordering him to return to anger management counseling through the Dove Program. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT WAS WITHOUT AUTHORITY TO MODIFY MR. JUSTICE'S PROBATION AND ORDER MR. JUSTICE TO ATTEND ANGER MANAGEMENT COUNSELING AT THE DOVE PROGRAM AS OPPOSED TO MID-OHIO OR NEW HORIZON COUNSELING CENTER.
 II. THE TRIAL COURT ERRED BY ORDERING MR. JUSTICE TO ATTEND ANGER MANAGEMENT COUNSELING THROUGH THE DOVE PROGRAM, AN ORGANIZATION SPONSORED BY THE LUTHERAN CHURCH IS A [SIC] VIOLATION OF MR. JUSTICE'S FIRST AMENDMENT RIGHTS TO RELIGIOUS FREEDOM AND A VIOLATION OF THE SEPARATION OF CHURCH AND STATE.
In 1996, appellant was convicted of aggravated menacing, and sentenced to a suspended jail sentence, on condition of two years good behavior and attendance at an anger management counseling program. The court permitted appellant to choose between New Horizons and Mid-Ohio counseling programs. Sometime thereafter, appellant was convicted in another case for domestic violence, but this court later reversed his conviction. The State of Ohio argued appellant's conviction in a collateral domestic violence case, constituted a parole violation in the instant case. After a hearing, the trial court imposed ten days of appellant's previous jail sentence, and suspended the remaining time contingent on his further good behavior. The court directed appellant to attend an anger management counseling program called the Dove program, rather than New Horizons or Mid-Ohio.
 I
In his first assignment of error, appellant argues once a valid sentence has been executed, a trial court has no power to modify the sentence except as provided by the General Assembly,State v. Meister (1991), 76 Ohio App.3d 15. The Code permits the trial court to maintain jurisdiction over the person of the defendant during the term of his probation.
Appellant cites State v. Boone (February 3, 1995), Greene County App. No. 94CA61, unreported, as authority for the proposition a trial court has no jurisdiction to impose a new condition of probation during the term of the probation without first holding a hearing and revoking the existing probation. Appellee points out the trial court did conduct a full hearing, and actually did revoke appellant's probation. R.C. 2951.09
permits the court to impose new conditions of probation on a defendant in the context of a probation revocation proceeding.
We find the trial court was authorized by R.C. 2951.09 to revoke appellant's probation, impose sentence, and modify the terms of probation. Accordingly, the first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the court's entry ordering him to attend anger management counseling through the Dove program violates his First Amendment right to religious freedom, and constitutes a violation of separation of church and state. Appellant asserts the Dove program is sponsored by the Lutheran Social Services of Central Ohio, and during his attendance at a counseling session, appellant noticed religious symbols and materials directly affiliated with the Lutheran Faith. Appellant asserts this violates his First Amendment right to freedom of religion. Appellant cites us to Pater v. Pater
(1992), 63 Ohio St.3d 393, wherein the Ohio Supreme Court found a trial court may not fashion an order of custody solely on the basis of the parent's religious affiliation, unless it finds the child's general welfare is affected.
In State v. Jones (1990), 49 Ohio St.3d 51, the Ohio Supreme Court held in determining whether a condition of probation is related to the interest of justice, rehabilitating the offender, and insuring his good behavior, the court should consider whether the condition is reasonably related to rehabilitation, has some relationship to the crime which the offender was convicted, and relates to conduct which is criminal or reasonably related to future criminality. A court has broad discretion in determining the conditions of probation, and should not be subjected to reversal absent an abuse of discretion. The Supreme Court has repeatedly defined the term abuse of discretion as showing the court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 at 219.
Appellant testified in the revocation hearing he objected to religious icons physically present in the room where the meetings were held, and also objected to the director's voice mail, which said "God Bless You". Appellant testified there was "quite a bit of that", and he did not feel comfortable with it.
As the State points out, appellant did not allege he was required to participate in any particular religious activity but merely observed certain religious symbols in the building where the counseling sessions were held. We agree with the trial court this does not constitute a violation of appellant's First Amendment rights.
The second assignment of error is overruled.
For the foregoing reasons, the judgment the Municipal Court of Lancaster, Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.