JOURNAL ENTRY AND OPINION.
As part of a plea bargain, defendant Lamar Adams pleaded guilty to one count of trafficking in drugs. The guilty plea resulted in a probation violation for another case. At sentencing, the court originally imposed "six months on the underlying case, six months on this case". When defense counsel asked for credit for time served, the court replied, "[t]ell you what. I'll give you 8 and 8, that's 16 month [sic] and for [sic] credit for time served." The court credited defendant with one hundred thirty-seven days time served. In this appeal, defendant complains the court abused its discretion by increasing his sentence in response to defense counsel's request for credit for time served.
A court has no authority to modify a sentence once it has been executed. State v. Meister (1991), 76 Ohio App.3d 15; Statev. Addison (1987), 40 Ohio App.3d 7. Execution of sentence begins with the delivery of the offender to a penal institution to begin serving a sentence. Columbus v. Messer (1982), 7 Ohio App.3d 266. By reverse implication, a court has discretion to modify a sentence before that sentence is carried into execution. "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." State v. Yontz (1986), 33 Ohio App.3d 342; see, also R.C. §2929.12(A).
On this record, we cannot say the court abused its discretion by changing sentence once it learned defendant might be entitled to credit for time served. During allocution, defendant denied engaging in drug trafficking and told the court he was trying to "trick" an undercover police officer out of drug money. Having learned that there may be significant time served, the court increased the sentence for both the conviction and probation violation by two months each. In total, we note the court only added twenty-three days to defendant's sentence, figuring four months at thirty days each less the one hundred thirty-seven days for time served. This small increase resulting from defendant's admission during allocation was neither so arbitrary nor unreasonable as to constitute an abuse of the court's discretion. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. KENNETH A. ROCCO, J., CONCUR.
 _____________________ JOHN T. PATTON, JUDGE