JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Janet R. Burnside denying appellant Ernest McDaniels' pro se motion to modify his sentence imposed following his second violation of community control sanctions. He did not timely appeal the sentence nor move this court for leave to file a delayed appeal, but instead, through his motion to modify, claimed the judge erred in sentencing him to the maximum term of eight years imprisonment after having originally found he was amenable to five years of community control sanctions. He further asserts the judge failed to place on the record, the findings and reasons underlying this sentence. We affirm the denial of the motion to modify the sentence but we render no opinion on the merits of McDaniels' allegations.
The record reveals that on November 25, 1997, McDaniels entered a guilty plea to one count of felonious assault, R.C. 2903.11, a second degree felony, and was referred to the probation department for a pre-sentence investigation and report. On December 22, 1997, McDaniels, with his lawyer, appeared in court and was sentenced to five years of community control sanctions upon the specific finding that such sanctions will adequately protect the public and will not demean the seriousness of the offense. (Journal Entry, vol. 639, pg. 715). He was additionally ordered to adhere to all TASC requirements, abstain from all illegal/intoxicating substances, placed under a no-contact order and required to pay costs and supervision fees. The sentence also included the warning that violations of the terms and conditions may result in more restrictive sanctions including a prison term and extensions as provided by law. Id.
On March 25, 1998, McDaniels, with his lawyer, appeared for a hearing on an alleged violation of the community control sanction. He was found to be a violator but the judge continued the sanctions with all prior restrictions, and ordered him to pay costs. (Journal entry (Mar. 31, 1998), vol. 674, pg. 895). On June 9, 1998, a hearing was scheduled on allegations that McDaniels had committed another community control violation and, when he failed to appear, a capias was issued. (Journal Entry (June 11, 1998), no vol. or pg.).
On July 9, 1998, McDaniels and his lawyer appeared for a hearing on this alleged second violation of community control sanctions. He was again found in violation and was sentenced to a term of eight years at Lorain Correctional Institution, the maximum term for a second degree felony (but the sentence did not include a mandatory term of post-release control under R.C. 2967.28(B)(2)). (Journal Entry (July 9, 1998), vol. 719, p. 790).
On April 22, 1999, McDaniels, pro se, filed a motion for judicial release which was denied in an order dated four days later. (Journal Entry (Apr. 28, 1999), vol. 844, pg. 544). On October 28, 1999, he filed, pro se, a motion for modification of sentence, arguing that State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, required that he be sentenced to the minimum sentence of two years because he had not previously been sentenced to prison. He also argued that there was nothing on the record to justify a longer sentence. The State, in its response of January 1, 2000, asserted the judge lacked the jurisdiction to re-sentence McDaniels because he had already begun to serve his sentence. McDaniels filed a rebuttal brief on February 11, 2000, and the motion to modify his sentence was denied on February 22, 2000. McDaniels did not request any transcripts of the proceeding outlined above, and none are in the record.
In his single assignment of error, McDaniels argues:
 DID THE STATE OF OHIO VIOLATE THE APPELLANT'S STATUTORY, STATE, AND FEDERAL CONSTITUTIONAL RIGHT'S, [SIC] WHEN THE COURT OF COMMON PLEAS REFUSED TO HONOR A [SIC] OHIO STATE SUPREME COURT'S RULING CONCERNING FIRST TIME OFFENDERS BEING GIVEN THE LESSER SENTENCE AND/OR THE COURT MUST TELL THE APPELLANT WHY HE WAS IMPOSING THE LARGER SENTENCE AS MANDATORY BY LAW, WHICH GIVE THE COURTS THE POWER AND AUTHORITY TO ABROGATE, MODIFY, OR REDETERMINE A CONVICTION AND SENTENCE.
In its response to this argument, the State points out that this court must presume regularity in the absence of the transcripts of the proceedings below and it requests that this court affirm the judgment on the motion.
R.C. 2929.14(A)(2) provides that a judge shall impose a definite prison term of two, three, four, five, six, seven, or eight years for a felony of the second degree. If he imposes a prison term on an offender who previously has not served a prison term, division (B) requires the judge impose the shortest term "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Pursuant to division (C),
 the court imposing a [felony] sentence * * * may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2).
See State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus. Despite the earlier conclusion that community control sanctions would not demean the seriousness of the offense and would adequately protect the public, McDaniels was sentenced to the maximum term of eight years. This point, however, should have been made upon direct appeal from the sentence, not through a motion to modify the sentence.
In pertinent part, R.C. 2953.08(A)(1) specifically grants an offender who has been convicted of or pleaded guilty to a felony the right to appeal from a sentence imposed under R.C. 2919.14(A) when that sentence consisted of or included the maximum prison term allowed and the sentence was imposed for only one offense. R.C. 2953.08(A)(4) also allows an offender an appeal as of right when the sentence is contrary to law. Rather than file a timely appeal from his sentence, McDaniels waited fifteen months to ask the judge to modify his sentence based upon Edmonson.
The Rules of Criminal Procedure specifically limit relief from judgments to only those motions provided for within the same rules and a motion to modify a sentence is not one identified therein. It is not a motion for acquittal after verdict or discharge of the jury under Crim.R. 29, nor a Crim.R. 33 motion for a new trial, nor a motion in arrest of judgment under Crim.R. 34 nor a Crim.R. 36 motion to correct a clerical mistake. McDaniels is asking the judge to rule on a motion for reconsideration which does not exist in either the Rules of Criminal or Civil Procedure. The judge had no authority to entertain such a motion and appropriately denied it. Cleveland Heights v. Richardson (1983),9 Ohio App.3d 152, 153, 9 OBR 218, 458 N.E.2d 901, 902-03
If we construe McDaniels' motion as one that requests post-conviction relief (R.C. 2953.21(A)(1)), that request is both untimely (R.C.2953.21(A)(2); R.C. 2953.23) and subject to the doctrine of res judicata since McDaniels should have pursued the issue upon a direct appeal from the July 9, 1998 judgment of sentence. State v. Perry (1967),10 Ohio St.2d 175; 226 N.E.2d 104, paragraph nine of the syllabus. Because res judicata applies, McDaniels is precluded from challenging his sentence through this belated motion.
If, however, this court construes the motion at face value, i.e., a request to modify his sentence on the basis that it is contrary to law, a judge would not have jurisdiction to entertain the motion for the reasons McDaniels espouses. A judge does not possess the inherent authority to suspend, cancel, or modify a per se valid sentence once that sentence has been carried into execution in accordance with R.C. 2949.05. State v. Rowe (1997), 118 Ohio App.3d 121, 123, 691 N.E.2d 1140; State v. Meister (Hamilton 1991), 76 Ohio App.3d 15, 17-18, 600 N.E.2d 1103. When taken in the context of his argument, McDaniels' sentence is per se valid because it falls within and does not exceed the possible definite, statutorily defined sentence of imprisonment as set forth in R.C. 2929.14(A)(2), although the journal entry appears to lack the term of post-release control.
McDaniels, in his reliance upon State v. Edmondson (1999),86 Ohio St.3d 324, 715 N.E.2d 131, chose the wrong vehicle for relief from this final judgment. It is available only through direct or delayed appeal of the sentence in question.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________________ ANNE L. KILBANE, PRESIDING JUDGE
ANNE DYKE, J., AND JAMES J. SWEENEY, J., CONCUR