OPINION
Defendant-appellant Shawn Wycuff appeals from the September 29, 2000, Judgment Entry of the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 21, 2000, the Stark County Grand Jury indicted appellant on one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree. At his arraignment on June 30, 2000, appellant entered a plea of not guilty to the charge. The Bill of Particulars, which was filed on July 7, 2000, indicated that appellant was "located in a disabled vehicle which was determined to be a stolen vehicle entered into LEADS." Thereafter, on July 17, 2000, appellant changed his plea and entered a plea of guilty to the charge of receiving stolen property. The trial court, in its July 20, 2000, Judgment Entry, ordered that appellant's sentencing be deferred pending the completion of a pre-sentence investigation. As memorialized in a Judgment Entry filed on August 18, 2000, appellant was placed on community control for a period of five years under specified terms and conditions. The trial court, in its entry, stated, in part, as follows: "A. . . . this defendant shall be evaluated by the Stark Regional Community Correction Center [SRCCC] and if accepted shall successfully complete any program recommended. B. That this defendant shall remain at the Stark County Jail until a bed is available with SRCCC and shall submit to a psychological evaluation at the Stark County Jail. C. If defendant is not accepted into the SRCCC Program the court will reconsider a further appropriate program."
Prior to sentencing appellant, the trial court had voiced concerns on the record over appellant's "view towards children, especially minor children, and some of the other thoughts that you [appellant] seem to possess." Transcript of August 14, 2000, hearing at 4. The trial court, at the August 14, 2000, sentencing hearing, further stated on the record that if appellant was not accepted into the SRCCC program, "Mr. Wakser [defense counsel] will advise me and we will bring you back in and we will discuss a further resolution of your case." Transcript of August 14, 2000, hearing at 5. After a psychological evaluation was conducted on appellant and appellant was accepted into SRCCC, appellant was returned to court on September 25, 2000, for a sentence modification hearing. At the hearing, the trial court continued appellant on community control and ordered that appellant successfully complete the SRCCC program. However, the trial court also added three additional community control conditions. Specifically, as memorialized in the trial court's September 29, 2000, Judgment Entry, appellant was ordered to successfully complete the Melymbrosia Program, to receive psychiatric counseling, and to have no contact with juveniles, including appellant's son, unless approved by appellant's psychologist. It is from the trial court's September 29, 2000, Judgment Entry that appellant now prosecutes his appeal, raising the following assignments of error:
 I THE TRIAL COURT WAS WITHOUT AUTHORITY TO IMPOSE ADDITIONAL CONDITIONS OF PROBATION WHEN THERE HAD BEEN NO ALLEGATION THAT APPELLANT HAD VIOLATED ANY EXISTING CONDITIONS.
 II THE TRIAL COURT ERRED IN IMPOSING ADDITIONAL CONDITIONS OF PROBATION THAT HAD NO RELATIONSHIP TO THE CRIME OF WHICH APPELLANT WAS CONVICTED.
 I
Appellant, in his first assignment of error, argues that the trial court had no authority to impose additional conditions of community control on appellant at the September 25, 2000, hearing when appellant had not violated any of the existing terms or conditions of community control. Double jeopardy restrictions prevent a trial court from modifying a sentence after execution of the sentence has commenced. State v. Hooks (1998), 128 Ohio App.3d 750. A trial court's authority to modify the terms of probation/community control was addressed in State v. Hayes (1993), 86 Ohio App.3d 110 in which the court held as follows: It is well established in law that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the General Assembly. See State v. Addison (1987), 40 Ohio App.3d 7,530 N.E.2d 1335; see, also, State v. Meister (1991), 76 Ohio App.3d 15,600 N.E.2d 1103. Since matters involving probation are governed by statute, viz., R.C. Chapter 2951, it is manifest that a trial court's authority to modify the terms and conditions of a sentence of probation must be provided for by the legislature.
Id. at 112. R.C. 2929.15(B) authorizes a trial court to impose more restrictive community control sanctions following sentencing if the original community control terms or conditions have been violated. There is no dispute in the case sub judice that, when the trial court imposed the additional community control sanctions on appellant at the sentence modification hearing, appellant had not violated the original terms or conditions of his community control. However, as appellee notes in its brief, the question is whether appellant had begun serving the original community control sanctions imposed by the trial court when the trial court imposed the additional conditions on September 25, 2000. If such is the case, then, pursuant to the above authority, the trial court had no authority to impose additional community control conditions on appellant at the hearing on September 25, 2000. A defendant's community control period commences when the judgment of conviction and sentence is entered on the journal by the clerk of court. See Kaine v. Marion Prison Warden (2000), 88 Ohio St.3d 454. In the case sub judice, the Judgment Entry of Sentence placing appellant on community control for a period of five years was filed on August 18, 2000. Since, therefore appellant's community control commenced on such date, the trial court in this matter had no authority to impose, at the September 25, 2000, hearing, any additional community control terms or conditions on appellant. By doing so, the trial court increased appellant's punishment after execution of his original sentence to community control sanctions had commenced. See Hooks, supra. Appellant's first assignment of error is, therefore, sustained.
 II
Appellant, in his second assignment of error, contends that the trial court erred in imposing conditions of community control on appellant that bore no relationship to the crime of which appellant was convicted. At the September 25, 2000, hearing in this matter, appellant was ordered to successfully complete the Melymbrosia Program, a sex offender treatment program, to receive psychiatric counseling and to have no contact with juveniles, including his son, unless approved by appellant's psychologist. Appellant now argues that these conditions are not reasonably related to the crime of which he was convicted, which is receiving stolen property in violation of R.C. 2913.51. Pursuant to R.C.2951.02, the trial court is granted broad discretion in setting conditions of probation/community control. See State v. Brillhart (1998), 129 Ohio App.3d 180. Specifically, R.C. 2951.02(C) provides that `* * * [i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements also shall be a condition of the offender's probation or other suspension.'" State v. Jones (1990), 49 Ohio St.3d 51, 52. The Court further explained in Jones that: [i]n determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.
Id. at 53. The Supreme Court has repeatedly defined the term abuse of discretion as showing the court's attitude is unreasonable, arbitrary, or unconscionable. See, e.g. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217
at 219. We concur with appellant that it is inconceivable how sex offender treatment through Melymbrosia and psychiatric counseling are, in any way, related to the crime of receiving stolen property. Likewise, while the trial court may have voiced concerns over appellant's attitude towards juveniles, we find that the trial court abused its discretion in ordering appellant to have no contact with any juveniles, including his son, unless approved by a psychologist. Not only is no evidence in the record that the underlying offense involved any juveniles, but requiring appellant to have absolutely no contact with his son is overly broad. See State v. Graham (1993), 91 Ohio App.3d 751. In short, we agree with appellant that the trial court's order imposing the above conditions of community control was arbitrary since the above conditions have no relationship to the crime of receiving stolen property. Appellant's second assignment of error is, therefore, sustained.
Accordingly, the September 29, 2000, judgment of the Stark County Court of Common Pleas is vacated as to the additional community control conditions imposed on appellant at the September 25, 2000, hearing.
 _____________ Edwards, P.J.
Hoffman J, concurs and Gwin, J., concurs separately.