DECISION.
Defendant-appellant Spencer McAninch pleaded guilty to three fourth-degree felonies. He had assumed another person's identity and had opened numerous bank accounts under that name to steal over five thousand dollars.[1] McAninch had also forged and deposited two different checks into another bank account, costing the bank a little over five thousand dollars for each check.[2]
The trial court originally sentenced McAninch to serve three consecutive seventeen-month sentences, which amounted cumulatively to a fifty-one-month term of incarceration. But the court neglected to make the necessary findings to justify the imposition of consecutive sentences. Thus, in McAninch's first appeal, we vacated the consecutive sentences and remanded the case for resentencing.[3] Because the trial court had alluded to McAninch's extensive history of similar crimes, we held that the court had found that his criminal history demonstrated a need to protect the public.[4] But the court had failed to find that consecutive sentences were disproportionate neither to McAninch's conduct nor to the danger that he posed to the public.[5]
At the resentencing hearing, the trial court found that consecutive sentences were disproportionate neither to McAninch's conduct nor to the danger that he posed to the public. The court then resentenced him to seventeen months' incarceration for each of the three felony convictions. But this time two of the sentences were to run concurrently and one was to be served consecutively. Thus the net effect of the resentencing was to reduce McAninch's total incarceration to thirty-four months from fifty-one months.
The court also noted on its new judgment entry and new felony sentencing findings that McAninch would be "subject to the post-release control provisions of R.C. 2967.28." McAninch had not been so notified at his initial sentencing. And, as the state concedes, he was not so notified at his resentencing.
McAninch now appeals his sentence for the second time and raises two assignments of error. He argues that the trial court was forbidden to make any new findings at the resentencing hearing, but was instead constrained to sentence McAninch from the record as it existed when he was originally sentenced. In other words, McAninch contends that the court missed its only opportunity to make the necessary findings to support consecutive sentences and could only order the three sentences to be served concurrently. Similarly, McAninch argues that since he had originally received no notification that he would be subject to post-release control, he could not be subject to it at the resentencing.
We overrule McAninch's first assignment of error. But we sustain his second assignment of error, though not on the double-jeopardy grounds that he argues.
McAninch argues both of his assignments of error on the same theory. He contends that "double jeopardy restrictions" prevent a trial court from imposing a greater sentence than was originally supported by the record by making new findings at a resentencing hearing. But we would not have remanded for resentencing if we did not believe that the trial court could make additional findings.
It is true that once a defendant commences a final and lawful sentence of incarceration in a penal institution of the executive branch, the trial court may not typically modify the sentence.[6] This is a constitutional guarantee that, while not unlimited,[7] generally protects an individual's interest in the finality of a sentence by preventing multiple prosecutions or punishments for the same offense.[8]
But it should be self-evident that a defendant does not have a legitimate expectation in the finality of his original sentence when he appeals the sentence.[9] To hold otherwise would result in a no-lose situation for the defendant in every sentencing appeal.
Further, any sentence that is imposed, as in this case, without regard to statutory requirements is a nullity or void.[10] And jeopardy does not attach to a void sentence.[11] We thus overrule McAninch's first assignment of error.
Next McAninch complains that the trial court erred at resentencing by adding to its judgment entry and felony sentencing findings that he would be subject to the post-release control provisions of R.C. 2967.28. As we have recently noted, a court must inform a defendant at sentencing for a fifth-degree felony that post-release control would be part of the defendant's sentence.[12] When the record does not reflect that the court notified the defendant verbally, and other court documents stating this provision are not endorsed by the defendant, there is insufficient evidence that the defendant was properly advised as required.
We thus sustain McAninch's second assignment of error, and modify his sentence[13] to delete the trial court's order that McAninch is subject to the post-release control provisions of R.C. 2967.28.
Judgment affirmed as modified.
Hildebrandt and Sundermann, JJ., concur.
[1] See R.C. 2913.49(B) and (E).
[2] See R.C. 2913.31(A)(3) and (C)(1)(b)(i).
[3] See State v. McAninch (May 2, 2001), 1st Dist. No. C-000519.
[4] See R.C. 2929.14(E)(4)(c).
[5] See R.C. 2929.14(E)(4).
[6] See Columbus v. Messer (1982), 7 Ohio App.3d 266, 268,455 N.E.2d 521, citing United States v. Benz (1931), 282 U.S. 304,51 S.Ct. 113, Ex parte Lange (1873), 85 U.S. 163, United States v. Davidson
(C.A.10, 1979), 597 F.2d 230, and United States v. Chiarella (C.A.2, 1954), 214 F.2d 838.
[7] See State v. Meister (1991), 76 Ohio App.3d 15, 18-19,600 N.E.2d 1103, 1105.
[8] See State v. Beasley (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774,775, citing Benton v. Maryland (1969), 395 U.S. 784, 89 S.Ct. 2056.
[9] See United States v. DiFrancesco (1980), 449 U.S. 117, 139,101 S.Ct. 426, 438; Pasquarille v. United States (C.A.6, 1997), 130 F.3d 1220,1222-1223, citing United States v. Rodriguez (C.A.5, 1997), 114 F.3d 46,48; State v. Couturier (Sept. 13, 2001), 10th Dist. No. 00AP-1293; In theMatter of Fabien L. Mitchell (June 28, 2001), 10th Dist. No. 01AP-74;State v. Nelloms (June 1, 2001), 2nd Dist. No. 18421.
[10] See Beasly 14 Ohio St.3d at 75, 471 N.E.2d at 775; State v.Martin (1999), 136 Ohio App.3d 355, 362, 736 N.E.2d 907, 911-912; Statev. Bush (Aug. 4, 1993), 1st Dist. No. C-920885.
[11] See Beasley 14 Ohio St.3d at 75, 471 N.E.2d at 775.
[12] See State v. Lattimore 1st Dist. No. C-010488, 2002-Ohio-723, at ¶ 29-31, citing R.C. 2929.19(B)(3)(d); Woods v. Telb (2000),89 Ohio St.3d 504, 733 N.E.2d 1103, paragraph two of the syllabus.
[13] See App.R. 12(A)(1)(a).