**The STATE of Ohio**

v.

**SCHMIDT.**█

2002-Ohio-7462.]

Court of Common Pleas of Ohio,
Medina County.

No. 02–CR–0371.

Decided Dec. 27, 2002.

Dean Holman, Medina County Prosecuting Attorney, for the state.

John L. Dolatowski, for defendant Rick A. Schmidt.

Ann G. Millette, for Cleveland Plain Dealer Publishing Company.

JAMES L. KIMBLER, Judge.

## Case Proceedings

{¶ 1}   On November 22, 2002, this court granted a motion filed by the state to seal certain pleadings.   Defendant Rick A. Schmidt did not oppose the state's motion.   The court's entry sealed from public view pretrial motions filed by the state pursuant to Ohio's Rape Shield Act and all pretrial motions for orders in limine filed by the state.

{¶ 2}   On December 9, 2002, the Cleveland Plain Dealer Publishing Company filed a motion asking this court to vacate the order of November 22, 2002. Pursuant to Medina County Common Pleas Court Local Rules, the court granted the state a 14–day time period in which to file a responsive pleading.   The state filed such a pleading, and the court now issues this decision.

## Findings of Fact

{¶ 3}   There are no factual disputes in this case, and no evidence was taken by the court prior to issuing its November 22, 2002 journal entry.

## Conclusions of Law

{¶ 4}   A newspaper may bring an action for a writ of prohibition to challenge a court's order barring the public from a trial or proceeding.   *State ex rel. The Repository v. Unger* (1986), 28 Ohio St.3d 418, 28 OBR 472, 504 N.E.2d 37.

{¶ 5}   Such an action may be maintained even after the case in which the court issued the order is concluded.   *Unger,* 28 Ohio St.3d at 419, 28 OBR 472, 504 N.E.2d 37.

{¶ 6}   Since a newspaper may bring an action for a writ of prohibition to challenge a trial court's order barring the press and the public from a trial, a

newspaper may also bring such an action to challenge a trial court's order sealing pretrial motions.

{¶ 7}  A newspaper that is not a party to a proceeding does not have standing to file a motion seeking revocation of a court's order in a criminal case.

## Holding

{¶ 8}  The Cleveland Plain Dealer does not have standing to bring the motion seeking revocation of this court's order of November 22, 2002.

## Discussion

{¶ 9}  The present case is a criminal case involving just two parties, the state and the defendant.  The Cleveland Plain Dealer Publishing Company is not a party to this case, and prior to filing its motion of December 9, 2002, made no attempt to become a party in this case.  Instead it claims that the *Unger* case allows it to file a motion seeking revocation or vacation of this court's order of November 22, 2002.

{¶ 10}  That case, however, is factually very different from this case.  In that case, the newspaper, The Canton Repository, did not attempt to file a motion in that case; rather, it filed an action for a writ of prohibition.  Therefore, while the case may be authority for the proposition that a newspaper may file an action for a writ of prohibition seeking to stop a court from enforcing an order sealing certain pretrial motions, it is not authority for the proposition that such a newspaper has standing to file a motion in the case in which the order was issued if it is not a party.

{¶ 11}  Allowing a newspaper to intervene in a criminal proceeding in which it is not a party does not seem wise.  This case concerns the state and the defendant.  The interest of the public, and, by extension, the media, is certainly not as great as that of the two parties to the lawsuit.  This court can think of no authority that would allow a newspaper to appeal a decision in this case, because such a newspaper would not have standing to appeal such a decision.

{¶ 12}  If a newspaper would not have standing to appeal a decision in this case, then it does not have standing to file a motion asking this court to vacate its prior order.  Its remedy is to file an action for a writ of prohibition.

## Order

{¶ 13}  The motion of the Cleveland Plain Dealer Publishing Company is denied because it has no standing to file such a motion.

{¶ 14}  SO ORDERED.

Judgment accordingly.