[Cite as *State v. Corbitt*, 2012-Ohio-3795.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2011-CA-107 |
| | : | |
| | : | |
| TODD A. CORBITT, II | : | O P I N I O N |
| | | |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:          Criminal Appeal from Richland
                                  County Court of Common Pleas Case
                                  No. 2011-CR-122H

JUDGMENT:                         Reversed and Remanded

DATE OF JUDGMENT ENTRY:           August 21, 2012

APPEARANCES:

For Plaintiff-Appellant                   For Defendant-Appellee

JAMES J. MAYER, JR.                       TODD A. CORBITT, II
Prosecuting Attorney                      3389 S.R. 39
Richland County, Ohio                     Shelby, Ohio  44875

BY: JOHN C. NIEFT
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio  44902

*Edwards, J.*

{¶1} Plaintiff-appellant, State of Ohio, appeals from the October 13, 2011, Judgment Entry of the Richland County Court of Common Pleas. Defendant-appellee is Todd Corbitt, II.

## STATEMENT OF THE FACTS AND CASE

{¶2} On February 11, 2011, the Richland County Grand Jury indicted appellee on one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree, and one count of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. At his arraignment on March 15, 2011, appellee entered a plea of not guilty to the charges.

{¶3} On May 25, 2011, appellee withdrew his former not guilty plea and pleaded guilty to the charge of breaking and entering. The remaining count was dismissed. Pursuant to a Sentencing Entry filed on August 5, 2011, appellee was sentenced to six (6) months in prison and ordered to pay restitution in the amount of $3,083.03 to the victim. Appellee's sentence was suspended and appellee was placed on community control for a period of one and a half years.

{¶4} Thereafter, on August 19, 2011, appellee filed a motion, pursuant to R.C. 2929.18, to modify the amount of restitution. Appellee, in his motion, argued that the current restitution order "is in excess of the victim's economic lost…"

{¶5} A hearing on such motion was held on October 3, 2011. At the hearing, the victim testified that his damages from the breaking and entering into the victim's barn totaled $3,083.02. Photographs of damage to the barn and a repair estimate were admitted as exhibits. Appellee testified that, during the breaking and entering, he had

not done any damage to any door on the property, but admitted that he had damaged siding on the barn. Appellee also testified that he had an accomplice, who was a minor, who was familiar with the victim's barn.

{¶6} The trial court, as memorialized in a Judgment Entry filed on October 13, 2011, upheld the award of restitution in the amount of $3,083.03. However, the trial court, in its Judgment Entry, stated, in relevant part, as follows:

{¶7} "However, because Defendant testified that he was aided in committing the crime by a juvenile accomplice, and because the court has concerns as to whether the victims, James and John Schenk would actually use the money awarded to repair the barn, the Court found that Defendant Corbitt should be responsible for one-half of the restitution owing to the victms [sic]. The Court noted that under Ohio Law, the victims may sue the parents of the alleged juvenile accomplice for any malicious or initially tortuous [sic] act committed by their child." The trial court ordered that appellee pay $1,541.51 to the Clerk of Courts who was to disburse the same to the victim.

{¶8} Appellant now appeals from the trial court's October 13, 2011, Judgment Entry[1], raising the following assignment of error on appeal:

{¶9} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DECREASED THE ORIGINALLY ORDERED RESTITUTION AMOUNT."

I

{¶10} Appellant, in its sole assignment of error, argues that the trial court abused its discretion when it decreased the originally ordered restitution amount. We agree.

{¶11} In *State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, the defendant entered a no contest plea and, as part of his sentence, was ordered to pay restitution to

---

[1] Appellant was granted leave by this Court to appeal.

the victim in an amount not exceeding $7,500.00. Two months after sentencing, the trial court conducted a second hearing on restitution and entered a new restitution order in the amount of $38,232.74. The defendant then appealed, arguing that the trial court had no jurisdiction to reconsider and increase the amount of restitution after sentencing.

{¶12} In reversing the judgment of the trial court, the court, in *Purnell*, stated, in relevant part, as follows:

{¶13} "'[A] sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense. R.C. 2929.01(FF). The sentence imposed on an offender for a felony may include financial sanctions, including restitution in an amount based on the victim's economic loss. R.C. 2929.18(A)(1).' *State v. Danison,* 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, at ¶ 6; see, also, R.C. 2929.11(A). Because it is part of the sentence, an order of restitution is a final order. See *State v. Danison,* at ¶ 8.

{¶14} "Restitution is a financial community-control sanction authorized by R.C. 2929.18(A)(1), which provides for "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." The statute identifies the manner in which the trial court may award restitution. When, as here, the amount of restitution is disputed, the trial court shall hold a hearing. But '[i]f the court imposes restitution, *at sentencing,* the court shall determine the amount of restitution to be made by the offender.' (Emphasis added.) Id.

{¶15} "Therefore, the plain language of R.C. 2929.18(A)(1) establishes that if the trial court orders restitution at sentencing, it must determine the amount of restitution at that time. There is no statutory authority for the trial court to exercise continuing

jurisdiction to modify the amount of a financial sanction. It can, however, modify the "payment terms of any restitution," id., or enter a less restrictive sanction, see R.C. 2929.15(C), or suspend the financial sanction as provided in R.C. 2929.18(G).[2] The trial court retains authority to impose a more restrictive financial sanction only if the defendant violates the conditions of his community control. See R.C. 2929.15(B).

**{¶16}** "In matters of criminal sentencing, the trial court does not have inherent power to act, but has only such power as is conferred by statute or rule. See *State ex rel. Mason v. Griffin,* 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644, at ¶ 15; see, also, *State v. Moore,* 4th Dist. No. 03CA18, 2004-Ohio-3977, 2004 WL 1689674, at ¶10. Because the trial court in this case had no statutory authority to increase the restitution amount after imposing sentence in October 2005, its January 2006 entry is a legal nullity.

**{¶17}** "It is also well established that a court cannot reconsider a valid final judgment in a criminal case. See *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 599, 589 N.E.2d 1324, citing *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 30 OBR 218, 506 N.E.2d 936; see, also, *State v. Meister* (1991), 76 Ohio App.3d 15, 19, 600 N.E.2d 1103. Crim.R. 32(C) provides that a judgment becomes final when the trial court reduces it to writing and the clerk enters it on the journal. See, also, *State v. Danison* at ¶ 8. Although the trial court in this case was well intentioned and sought to compensate the victim for his belatedly demonstrated economic loss, it had no power by statute or rule to reconsider or to modify the amount of restitution after it journalized Purnell's sentence on October 25, 2005. See *State v. Meister,* 76 Ohio App.3d at 18,

---

[2] R.C. 2929.18(G) allows a court to suspend a fine if an offender has completed all other sanctions to the court's satisfaction including payment of restitution.

600 N.E.2d 1103." Id at paragraphs 7-11. See also *State v. Sekic*, 8th Dist. No. 95679, 2011-Ohio-4809 at paragraph 47.

**{¶18}** We find, based on the foregoing, that the trial court had no jurisdiction to modify the amount of restitution after it journalized appellee's sentence.

**{¶19}** Moreover, assuming, arguendo, that the trial court had jurisdiction, we find that the trial court abused its discretion in decreasing the amount of restitution that it ordered appellee to pay. While the trial court, in its October 13, 2011, Judgment Entry indicated that it was cutting the amount of restitution that it ordered appellee to pay in half because appellee testified that he was aided and abetted in committing the crime by a juvenile accomplice, no co-defendant has been charged in this matter. In addition, even had there been a co-defendant, where co-defendants act in concert in committing the same offense that causes economic harm to the victim, holding one of the defendant's responsible for the full amount of restitution is permissible and consistent with established principles of tort liability. See *State v. Dawson*, 2nd Dist No. 21768, 2007-Ohio-5172 at paragraph 13.

**{¶20}** Finally, we concur with appellant that the trial court improperly considered whether the victim would use the restitution to make repairs on the barn. R.C. 2929.18(A) states, in relevant part, as follows: "Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss…." As noted by appellant, such section "does not concern itself with considerations of how the restitution will be used, but only

to the amount of economic loss suffered by the victim from the defendant's criminal acts."

**{¶21}** Appellant's sole assignment of error is, therefore, sustained.

**{¶22}** Accordingly, the judgment of the Richland County Court of Common Pleas is reversed and this matter is remanded for further proceedings.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d0605

[Cite as *State v. Corbitt*, 2012-Ohio-3795.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TODD A. CORBITT, II | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011-CA-107 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.  Costs assessed to defendant, Todd. A. Corbitt, II.

_____

_____

_____

JUDGES