[Cite as *State v. Stechschulte*, 2014-Ohio-4291.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-027** |
| AMANDA K. STECHSCHULTE, | : | |
| Defendant-Appellee, | : | |
| (KELLY J. GODWIN, | : | |
| Appellant). | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 10CR000250.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Mark A. Ziccarelli*, Ziccarelli & Martello, 8754 Mentor Avenue, Mentor, OH 44060 (For Defendant-Appellee).

*Paul R. Malchesky*, Cannon, Aveni & Malchesky Co., L.P.A., 41 East Erie Street, Painesville, OH 44077 (For Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Kelly J. Godwin ("Godwin"), the victim in this matter, appeals from the February 12, 2013 judgment of the Lake County Court of Common Pleas,

denying her motion to modify restitution sanctions. For the reasons that follow, we affirm.

{¶2} This case stems from a head-on collision involving the vehicles of defendant-appellee, Amanda K. Stechschulte ("Stechschulte") and Godwin. As a result of the collision, Godwin was life-flighted to the hospital. She sustained serious injuries and incurred numerous medical expenses. Godwin received compensation from her insurance company for her injuries.

{¶3} After an investigation, on April 28, 2010, Stechschulte was secretly indicted by the Lake County Grand Jury on three counts: count one, aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1)(a); count two, vehicular assault, a felony of the fourth degree, in violation of R.C. 2903.08(A)(2)(b); and count three, operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a). The following day, Stechschulte filed a waiver of her right to be present at the arraignment and the trial court entered a not guilty plea on her behalf.

{¶4} The matter was subsequently set for a jury trial. However, on September 23, 2010, Stechschulte waived her right to have her case tried by a jury. Thus, a bench trial was held on October 1, 2010. The court found Stechschulte guilty as charged on count two, vehicular assault. However, the court found her not guilty on counts one and three. The matter was referred to the Adult Probation Department for a pre-sentence investigation and report, and a victim impact statement. Sentencing was deferred.

{¶5} Later that month, on October 29, 2010, the trial court sentenced Stechschulte to two years of community control; 90 days in jail; ordered her to perform

2

200 hours of community service; suspended her driver's license for two years; and informed her regarding post-release control. With respect to restitution, the court ordered Stechschulte to pay $13,899.08 to Godwin.[1] The amount represented financial economic losses and medical expenses submitted by Godwin prior to the sentencing hearing.

{¶6} Thereafter, instead of requesting the prosecutor to file a motion to modify the payment terms, Godwin herself filed a motion to modify restitution sanctions on July 29, 2011. She requested that the court modify its October 29, 2010 sentencing entry and order Stechschulte to pay additional restitution in the amount of $34,126.07, for additional medical bills incurred since that judgment. On August 5, 2011, plaintiff-appellee, state of Ohio, filed a response to Godwin's motion to modify restitution sanctions. Ten days later, Stechschulte filed a response, disputing the amount of the additional restitution.

{¶7} On June 14, 2012, Godwin filed a supplement to her motion to modify restitution sanctions, requesting that the court modify its October 29, 2010 sentencing entry and order Stechschulte to pay additional restitution in the total amount of $51,531.71, instead of the prior request of $34,126.07. Godwin attached to her motion copies of outstanding medical bills not paid by her insurance. The trial court held a hearing the following day, but did not rule on Godwin's motion at that time. Eight months later, on February 12, 2013, the trial court denied Godwin's motion, holding now that it had no authority to modify the amount of restitution that was ordered at the time

---

1. As Stechschulte paid restitution in full, the trial court released her from community control sanctions and supervision on October 29, 2012 and ordered that she be restored to the civil rights of citizenship previously removed under R.C. 2961.01.

3

of sentencing. Godwin filed a timely appeal and asserts the following assignment of error for our review:

**{¶8}** "The trial court erred as a matter of law to Appellant's prejudice in denying restitution in this matter."

**{¶9}** In her sole assignment of error, Godwin alleges that the trial court's sentencing entry left an undetermined final dollar amount to be paid in restitution. As such, Godwin maintains that the sentencing entry was not final and appealable, unlike the denial of her motion to modify restitution sanctions. She asserts that the case should be reversed and remanded for further determination regarding final restitution. For the following reasons, we disagree.

**{¶10}** The main arguments presented by Godwin center around the trial court's handling of restitution and whether the sentencing entry constituted a final appealable order.

**{¶11}** Regarding restitution, appellate courts review such orders for abuse of discretion. *State v. Silbaugh*, 11th Dist. Portage No. 2008-P-0059, 2009-Ohio-1489, ¶16. With respect to this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.2008).

**{¶12}** Regarding final appealable orders, "[i]t is well-settled that civil and criminal proceedings require a final appealable order before there can be a basis for an appeal;

4

'*i.e.*, an order which amounts to a disposition of the cause and which affects a substantial right in an action which in effect determines the action and prevents a judgment.' (Citations omitted.) *State v. Shinkle* (1986), 27 Ohio App.3d 54, 55 * * *. In a criminal case, 'a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence.' *Shinkle* at 55, citing *State v. Eberhardt* (1978), 56 Ohio App.2d 193 * * * and *State v. Janney* (1977), 55 Ohio App.2d 257 * * *." *State v. Pasqualone*, 140 Ohio App.3d 650, 655 (11th Dist.2000). (Parallel citations omitted.)

**{¶13}** We stress that restitution must be determined at sentencing in order to constitute a final order. *See In re Zakov*, 107 Ohio App.3d 716, 718 (11th Dist.1995) (holding than an entry which does not include the amount of restitution is not a final order.) In this case, the judgment and sentence imposed upon Stechschulte on October 29, 2010, ordered her, inter alia, to pay $13,899.08 to Godwin in restitution. Thus, the court's entry ordered a specific amount of restitution, which Stechschulte paid in full.

**{¶14}** At the sentencing hearing, however, the court confused the restitution issue by stating that it was ordering restitution "at this time" in the amount of $13,899.08, thereby alluding to the fact that it was not a final amount. The court made a similar pronouncement with respect to restitution in its sentencing entry. Nevertheless, based on the facts presented, we determine the October 29, 2010 sentencing entry constituted a disposition of the cause amounting to a final appealable order. *Pasqualone, supra,* at 655.

**{¶15}** We note that no objection was made regarding restitution. In fact, Stechschulte paid the amount in full. Also, no appeal was taken from the sentencing

5

entry. Rather, Godwin, a third party to this action, later filed the instant appeal with this court after the trial court denied her motion to modify restitution sanctions.

**{¶16}** However, we stress that a third party does not have standing to move the court in a criminal case with respect to restitution. *See, e.g., State v. Schmidt*, 123 Ohio Misc.2d 30, 2002-Ohio-7462; *State v. Moore*, 4th Dist. Highland No. 03CA18, 2004-Ohio-3977, ¶10 (holding that under R.C. 2929.18(A), "'the **victim** or survivor may request that the prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered.' However, the limited power the statute confers upon the court * * * to modify its restitution orders does not provide for such modification upon the request of third parties**.**")

**{¶17}** "[T]he rights granted to a victim by both the Ohio Constitution and statute require that a victim be kept informed by being given notice, information, and a 'meaningful role' in the criminal justice system. However, this meaningful role does not make a victim a party to a criminal action. See *State v. Williams*, 7th Dist. No. 09 MA 11, 2010-Ohio-3279 (holding that a victim is not a party in a criminal prosecution) and *State v. McMannis*, 10th Dist. No. 01AP-413, 2001-Ohio-4279. Additionally, the Ohio State Constitution specifically provides that all prosecutions shall be conducted by and in the name of the State of Ohio. Ohio Constitution, Article IV, Section 20. Thus, the appropriate parties in a criminal proceeding are the State and the defendant. Victims are not parties. *Williams, supra* at ¶30. 'It is not the victim's interests that are being represented in a criminal case, but rather those of the people of the State of Ohio.' *Id*. at ¶31. * * * This is further supported by the Rules of Criminal Procedure which defines the 'State' as 'state, a county, city, village, township, other political subdivision, or any

other entity of this state that may prosecute a criminal action.' Crim.R. 2(H). This definition does not identify a victim as one who may prosecute a claim." *State v. Godfrey*, 3d Dist. Wyandot Nos. 16-12-06 and 16-12-07, 2013-Ohio-3396, ¶16.

{¶18} Godwin, as the victim, was not a party to this case. Thus, Godwin did not have standing to file the motion to modify and the court properly determined that it did not have jurisdiction to modify the amount of restitution on February 12, 2013.

{¶19} A trial court derives its authority to order restitution from R.C. 2929.18 which authorizes restitution as a financial community control sanction. Specifically, R.C. 2929.18(A)(1) states:

{¶20} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any

7

recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

**{¶21}** "If the court imposes restitution, the court may order that the offender pay a surcharge of not more than five per cent of the amount of the restitution otherwise ordered to the entity responsible for collecting and processing restitution payments.

**{¶22}** "The victim or survivor may request that the prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered. If the court grants the motion, it may modify the payment terms as it determines appropriate."

**{¶23}** Thus, R.C. 2929.18(A)(1) clearly provides that restitution must be determined at sentencing and a victim may request that the prosecutor file a motion for modification of only "the payment terms" of the restitution already ordered. As stated, Godwin herself filed a motion to modify restitution sanctions which is not permitted under the terms of the statute. The trial court initially and improperly indicated it had authority to modify the amount of restitution at a future date. However, after the filing of the sentencing entry and Stechschulte's completion of community control sanctions and her payment of restitution in full, the court later correctly ruled that it had no jurisdiction to modify the amount of restitution based on Godwin's newly submitted figures. *See State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, ¶10-11 (1st Dist.2006) and *State v. Corbitt,* 5th Dist. Richland No. 2011-CA-107, 2012-Ohio-3795, ¶18 (holding that trial courts have no subject matter jurisdiction to modify a valid final order of restitution.)

**{¶24}** Upon consideration, this court finds no merit to Godwin's assertions on appeal. Thus, contrary to Godwin's position, a remand is not appropriate in this case.

{¶25} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.