[Cite as *State v. Joseph*, 2013-Ohio-3023.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DAVID A. JOSEPH, SR. | : | Case No. 12-CA-85 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2010 CR 00008


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                July 11, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER A. REAMER                      DAVID A. JOSEPH, SR., PRO SE
20 South Second Street                     #626-391
4th Floor                                  WCI
Newark, OH  43055                          P.O. Box 120
                                           Lebanon, OH  45036-0120

*Farmer, J.*

{¶1} On January 4, 2010, the Licking County Grand Jury indicted appellant, David Joseph, Sr., on eight counts of passing bad checks in violation of R.C. 2913.11. On March 15, 2010, appellant pled no contest to the charges. By entry filed same date, the trial court found appellant guilty and sentenced him to an aggregate term of five years in prison.

{¶2} On August 27, 2012, appellant filed a motion for resentencing, claiming his sentence and the trial court's orders on restitution were void and/or voidable. On September 20, 2012, appellant filed a motion to recuse the judge as the trial court judge was a defendant in a civil action filed by appellant in federal court. By judgment entry filed September 26, 2012, the trial court denied appellant's motion to recuse. By judgment entry filed September 28, 2012, the trial court denied appellant's motion for resentencing. By judgment entry filed October 2, 2012, the trial court again denied the motion for resentencing, finding the issue was barred under the doctrine of res judicata as appellant did not object to nor file an appeal on the restitution orders.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE TR. CT. ERRED IN REFUSING TO RECUSE HIMSELF."

II

{¶5} "TR. CT. IMPROPERLY APPLIED THE DOCTORINE (SIC) OF RES JUDICATA."

III

{¶6} "STATE FAILED TO TIMELY SERVE DEFENDANT WITH MEMORANDUM CONTRA."

I

{¶7} Appellant claims the trial court judge erred in refusing to recuse himself. We disagree.

{¶8} The proper procedure in seeking recusal is to invoke R.C. 2701.03(A) which states the following:

If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

{¶9} Appellant did not file the required affidavit of disqualification with the clerk of the supreme court. As held by the Supreme Court of Ohio in *State ex rel. Hough v. Saffold,* 131 Ohio St.3d 54, 2012-Ohio-28, ¶ 2:

Hough is not entitled to a final, appealable order on the judge's denial of his motion to recuse herself, because a court of appeals lacks

jurisdiction to review these decisions.  See *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441–442, 8 O.O.3d 438, 377 N.E.2d 775 ("Since only the Chief Justice or [the chief's] designee may hear disqualification matters, the Court of Appeals was without authority to pass upon disqualification or to void the judgment of the trial court upon that basis"); *Goddard v. Children's Hosp. Med. Ctr.* (2000), 141 Ohio App.3d 467, 473, 751 N.E.2d 1062; *State v. Ramos* (1993), 88 Ohio App.3d 394, 398, 623 N.E.2d 1336.

{¶10}  Assignment of Error I is denied.

II

{¶11}  Appellant claims the trial court erred in applying the doctrine of res judicata in denying his motion for resentencing.  We disagree.

{¶12}  Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.

{¶13}  In his motion for resentencing filed August 27, 2012, appellant argued his sentence was void and/or voidable because of errors in the restitution orders.  The restitution orders were included in the trial court's original sentencing entry filed March 15, 2010.  Appellant could have challenged the restitution orders on direct appeal, but chose not to do so.

{¶14}  In his appellate brief, appellant argues he was unable to appeal the restitution orders because he was heavily sedated by "Haliperidol" at the time of plea

and sentencing and for six months thereafter.  Appellant did not make this argument in his motion for resentencing and therefore the issue was not before the trial court.

{¶15}  Assignment of Error II is denied.

III

{¶16}  Appellant claims the state failed to timely serve him with its memorandum contra.  We disagree.

{¶17}  Crim.R. 45(D) specifically states a written motion shall be served seven days prior to hearing date "unless a different period is fixed by rule or order of the court."  In a court order filed August 28, 2012, the trial court scheduled a non-oral hearing on appellant's motion for resentencing for September 28, 2012, and specifically stated all responses must be filed in writing prior to the date and time of the non-oral hearing.  The state complied with the trial court's order by filing its memorandum contra on September 27, 2012.  Appellant could have asked for leave to file a reply, but did not do so.

{¶18}  Assignment of Error III is denied.

{¶19} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.


_____


_____


_____
                                        JUDGES

SGF/sg 604

[Cite as *State v. Joseph*, 2013-Ohio-3023.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID A. JOSEPH, SR. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-85 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

_____

_____

_____

JUDGES