[Cite as *State v. Getz*, 2016-Ohio-3397.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                            :

    Plaintiff-Appellee,                  :          CASE NO.   CA2015-08-159

                                        :          O P I N I O N
- vs -                                                             6/13/2016

                                        :

JAMES D. GETZ,                           :

    Defendant-Appellant.              :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-10-1733


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

H. Steven Hobbs, 119 North Commerce Street, Lewisburg, Ohio 45338, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1}  Defendant-appellant, James D. Getz, appeals from a decision of the Butler County Court of Common Pleas denying his motion for a restitution hearing.  For the reasons set forth below, we affirm.

{¶ 2}  In July 2013, appellant was convicted of receiving stolen property.  The property appellant unlawfully possessed was a 1966 Chevrolet Nova owned by Jimmie Powell.

Appellant stripped car parts from Powell's vehicle to use on a second 1966 Chevrolet Nova that appellant owned.

{¶ 3} On September 4, 2013, the trial court held a sentencing hearing, and sentenced appellant to five years of community control, 90 days in jail, and ordered appellant to pay $14,000 in restitution to Powell. A Judgment of Conviction Entry journalizing appellant's sentence was filed by the court on September 5, 2013. Appellant did not appeal his conviction or sentence.

{¶ 4} On November 13, 2013, the trial court ordered the Warren County Sheriff's Office to release certain car parts seized during a search of appellant's residence to Powell. The court ordered the remaining items released to appellant, which included the second Chevrolet Nova. The order did not address Powell's 1966 Chevrolet Nova.[1] Appellant did not appeal from the court's order releasing property.

{¶ 5} On November 24, 2014, more than 14 months after he was sentenced, appellant filed a motion for a hearing on restitution. In his motion, appellant argued the court's September 5, 2013 order of $14,000 in restitution to Powell improperly exceeded the victim's loss. Specifically, appellant asserted:

> First, the particular motor vehicle in question was returned to Mr. Powell. Mr. Powell purchased the motor vehicle originally for $13,000. [Appellant] would represent to the Court * * * that the [appellant] owned a second 1966 Chevrolet Nova for the purpose of parts. This court ordered the Warren County Sheriff's Office in an Order granting release of the property to release to Mr. Jimmie Powell 18 different parts * * *. [Appellant] would represent to this Court the released parts came from the [appellant's] second 1966 Chevrolet Nova.
>
> Thus, [appellant] would represent to the Court the Order of Restitution makes the victim more than whole in that the victim received the motor vehicle in question back, received more parts

---

1. Appellant contends that Powell's 1966 Chevrolet Nova has been returned to Powell. There is nothing in the record, however, to support appellant's contention. Neither the November 13, 2013 order releasing property nor any other entry by the court addresses the return of Powell's 1966 Chevrolet Nova.

from a second vehicle and was granted restitution in an amount higher than that which he paid for the motor vehicle.

{¶ 6} The state filed an objection to appellant's request for a restitution hearing, arguing that appellant was not entitled to a new hearing on restitution. The state contended the trial court's September 5, 2013 Judgment of Conviction Entry setting forth $14,000 in restitution to Powell was a final appealable order and that the trial court no longer had jurisdiction to reconsider or modify its own valid final judgment on restitution. Appellant, however, maintained he was entitled to a restitution hearing pursuant to R.C. 2929.18(A)(1).

{¶ 7} On July 23, 2015, the trial court issued a decision denying appellant's motion for a hearing on restitution. In denying appellant's request for a hearing, the court noted the motion had been filed "more than 14 months after sentence was imposed and 16 months after a jury found this defendant Guilty. * * * [N]o direct appeal was taken from the Courts [sic] order of restitution involving either the amount of restitution or the return of any of the 'stripped' parts." Because it had issued a final appealable order on restitution on September 5, 2013, the trial court concluded it lacked the "authority to reconsider its own valid final judgment in a criminal case."

{¶ 8} Appellant timely appealed the trial court's decision, raising the following as his sole assignment of error:

{¶ 9} THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR A HEARING ON RESTITUTION.

{¶ 10} Appellant argues the trial court erred in denying his motion for a hearing on restitution. Appellant contends that a defendant can request a restitution hearing at any time under R.C. 2929.18(A)(1) and that the trial court retains jurisdiction over its restitution orders. In support of his argument, appellant relies on this court's decision in *State v. Patterson*, 12th Dist. Warren No. CA2005-08-088, 2006-Ohio-2133.

{¶ 11} We begin our analysis by noting that "[a] sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense. * * * The sentence imposed on an offender for a felony may include financial sanctions, including restitution in an amount based on the victim's economic loss." *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, ¶ 6, citing R.C. 2929.01(EE) and 2929.18(A)(1). Because an order of restitution is "indisputably part of the sentence," an order of restitution is a final appealable order. *Id.* at ¶ 8.

{¶ 12} In the present case, the trial court issued a final appealable order on restitution on September 5, 2013. Appellant did not appeal from the trial court's Judgment of Conviction Entry ordering him to pay "[r]estitution in the amount of $14,000.00 to Jimmie Powell." Instead, appellant waited more than 14 months before filing a request for a hearing on the restitution order. We conclude that the trial court properly denied appellant's request for a restitution hearing as the court had "no authority to reconsider its own valid final judgment in a criminal case." *Patterson*, 2006-Ohio-2133 at ¶ 8, citing *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599 (1992).

{¶ 13} Contrary to appellant's assertions, the trial court did not possess continuing jurisdiction under R.C. 2929.18(A)(1) to hold a restitution hearing to reconsider the imposed financial sanction. *See, e.g., State v. Sekic*, 8th Dist. Cuyahoga No. 95679, 2011-Ohio-4809, ¶ 47 (finding "there is no statutory authority allowing a trial court to exercise continuing jurisdiction to modify the amount of restitution after sentencing"); *State v. Corbitt*, 5th Dist. Richland No. 2011-CA-107, 2012-Ohio-3795, ¶ 15; *State v. Purnell*, 171 Ohio App.3d 466, 2006-Ohio-6160, ¶ 9 (1st Dist.) (finding "[t]here is no statutory authority for the trial court to exercise continuing jurisdiction to modify the amount of a financial sanction").

{¶ 14} R.C. 2929.18(A)(1) provides, in relevant part,

[T]he court imposing a sentence upon an offender for a felony

may sentence the offender to any financial sanction or combination of financial sanctions * * *. Financial sanctions that may be imposed pursuant to this section include * * * [r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. * * *

{¶ 15} Therefore, under this statute, "[a] trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense." *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, paragraph one of the syllabus. "A trial court is required to conduct a hearing on restitution *only if* the offender, victim, or survivor disputes the amount of restitution ordered." (Emphasis added.) *Id.* at paragraph two of the syllabus.

{¶ 16} Appellant contends there is no "specific time limitation for the request of a hearing on restitution." However, application of R.C. 2929.18(A)(1) suggests otherwise. The statute provides that if the court imposes restitution, the court shall determine the amount at sentencing. Once the court determines the amount of restitution at sentencing, the

defendant is given the opportunity to dispute the amount. If the amount is disputed, then a hearing must be held to establish the appropriate amount of restitution. *Lalain* at ¶ 22. If appellant does not challenge the amount of restitution, no hearing is necessary and the award of restitution becomes final and appealable. *See Danison*, 2005-Ohio-781.

**{¶ 17}** Here, the court imposed restitution at the September 4, 2013 sentencing hearing. If appellant believed the amount of restitution ordered was excessive or improper, he had the opportunity to ask for a hearing under R.C. 2929.18(A)(1).[2] He also could have challenged the restitution order on direct appeal. Appellant chose to do neither of these things. Similarly, appellant also elected not to appeal from the trial court's November 13, 2013 order releasing property to Powell. Although appellant argued in his November 24, 2014 motion for a hearing on restitution that the "released [car] parts came from [appellant's] second 1966 Chevrolet Nova" rather than from Powell's vehicle, appellant did not object to the November 13, 2013 order when it was entered by the trial court. Nor did appellant appeal the trial court's order.[3] Appellant's attempt to collaterally attack these judgments by asking for a new restitution hearing is improper. Appellant is barred by res judicata from raising and litigating any alleged errors or issues relating to the September 5, 2013 award or restitution or the November 13, 2013 release of property. *See State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus; *State v. Joseph*, 5th Dist. Licking No. 12-CA-85,

---

2. The basis for the court's decision to award $14,000 in restitution to Powell is not before us as appellant failed to provide this court with a transcript of the September 4, 2013 sentencing hearing. "The duty to provide a transcript for appellate review falls upon the appellant since he bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and have no choice but to presume the regularity of the lower court's proceeding and affirm." *State v. Gregory*, 12th Dist. Clinton No. CA2006-05-016, 2006-Ohio-7037, ¶ 3. We must therefore presume the regularity and validity of the trial court's decision to award $14,000 in restitution to Powell.

3. We recognize that the trial court's November 13, 2013 order releasing property was entered after appellant's time to directly appeal the restitution award had expired. *See* App.R. 4. However, as discussed above, nothing prohibited appellant from objecting to the release of property or filing an appeal of the trial court's November 13, 2013 order.

2013-Ohio-3023, ¶ 12-13 (holding that res judicata barred a defendant's challenge to a restitution award that had been imposed more than two years ago); *State v. Call*, 3d Dist. Marion No. 9-04-29, 2004-Ohio-5645, ¶ 4-6 (finding the trial court's denial of a defendant's motion to vacate a restitution award was proper as res judicata prevented defendant from raising issues related to restitution in a post-trial motion).

{¶ 18} For the reasons set forth above, we conclude that the trial court properly denied appellant's motion for a restitution hearing on the basis that it did not have jurisdiction to reconsider the imposed financial sanction. In reaching this determination, we find the case cited and relied upon by appellant to be distinguishable. In *State v. Patterson*, 2006-Ohio-2133, the defendant was ordered to pay $50 a week towards restitution, with the total amount of restitution "to be determined in a civil suit." *Id.* at ¶ 2. After the civil suit was dismissed without prejudice by the victim, the state requested a hearing to determine the amount of restitution owed. *Id.* at ¶ 3. After holding a hearing, the trial court determined the defendant owed $4,079.02 to the victim. *Id.* The defendant appealed, arguing that the trial court did not have jurisdiction to hold a restitution hearing. *Id.* at ¶ 6.

{¶ 19} In finding that the trial court did not err in holding a restitution hearing and ordering appellant to pay $4,079.02 to the victim, this court stated:

> [W]e find that no double jeopardy violation occurred as [defendant] did not have an expectation of finality from the original * * * sentencing entry. This case does not involve the imposition by the trial court at a later date of an additional or increased amount of restitution, such as when a trial court sets forth a definite sum in restitution but later amends the original sentence to increase the amount of restitution or impose an additional sum in restitution. See, e.g., *State v. Cockerman* (1997), 118 Ohio App.3d 767; *State v. Fair* (June 13, 1990), Summit App. No. 14343. Here, while the trial court ordered [defendant] to pay $50 per week *toward* restitution, it did not set forth a definite amount of restitution, stating instead that the amount would be determined in a civil suit. [Defendant] cannot have had any expectation of finality in an order that he pay restitution in an amount to be determined sometime in the future.

*State v. Back,* Butler App. No. CA2003-01-011, 2003-Ohio-5985, ¶ 15.

*Paterson* at ¶ 9. Therefore, "[b]ecause the trial court's original sentencing entry did not set forth a specific sum in restitution," we concluded that "the trial court maintained jurisdiction to correct this omission, irrespective of the subsequent civil complaint." *Id.* at ¶ 10.

{¶ 20} Unlike in *Patterson*, the trial court's September 5, 2013 Judgment of Conviction Entry set forth a definite sum in restitution to be paid to the victim. The court determined the amount of restitution to be paid by appellant to Powell was $14,000. As the sentencing entry set forth a specific sum in restitution, there was finality in the judgment and a final appealable order had been issued. Thus, the trial court correctly determined it did not have jurisdiction to reconsider its own valid final judgment and property denied appellant's motion for a hearing on restitution.[4]

{¶ 21} Appellant's sole assignment is, therefore, overruled.

{¶ 22} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.

---

4. Our decision does not prohibit the trial court from holding an enforcement hearing at a later date to determine whether appellant has satisfied the $14,000 restitution award.