[Cite as *State v. Downey*, 2016-Ohio-5778.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2016-02-006 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>9/12/2016 |
| - vs - | : | |
| | : | |
| MARK E. DOWNEY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2006-CR-0747

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Kenneth Zuk, 3487 Saint Annes Turn, Cincinnati, Ohio 45245, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Mark Downey, appeals a decision of the Clermont County Court of Common Pleas denying his motion to modify or terminate restitution.[1]

{¶ 2} Following his guilty plea to one count of aggravated vehicular homicide and one count of vehicular assault, appellant was sentenced in 2006 to nine years in prison. The trial

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.

court further ordered appellant to pay restitution to the victims of his crime in the aggregate sum of $133,699. The trial court's restitution order did not specify payment terms. Appellant did not appeal his sentence. Appellant served his prison sentence and was released in August 2015. Appellant is required to serve three years of postrelease control as part of his original sentence.

{¶ 3} In January 2016, without reference to applicable statutory or other legal authority, appellant moved the trial court "for an Order modifying or terminating the restitution order entered in the case in the original sentencing entry," on the ground he is permanently disabled and unable "to pay any sum at all." On January 6, 2016, the trial court denied the motion, finding that appellant's claim was barred by the doctrine of res judicata. The trial court further found that appellant "was not entitled to a hearing on this matter and none will be granted."

{¶ 4} Appellant now appeals and raises two assignments of error which will be addressed together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN FINDING THAT A RESTITUTION ORDER IN A CRIMINAL SENTENCE IS RES JUDICATA AND NOT SUBJECT TO MODIFICATION UNDER ANY CIRCUMSTANCE.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED IN FINDING THAT AN OFFENDER WHO SEEKS TO MODIFY A SENTENCING ORDER UNDER O.R.C. §2929.18(A)(1) AND (E) IS NOT ENTITLED TO A HEARING ON THE MERITS OF A MOTION TO MODIFY.

{¶ 9} On appeal, for the first time, appellant argues that R.C. 2929.18(A)(1) and (E) allow offenders to seek relief from a restitution order, and thus, the trial court erred in denying his motion to modify or terminate restitution on the basis of res judicata and without a

- 2 -

hearing. Appellant asserts he "does not contend there was any error at all in the original sentence." Rather, appellant asserts there has been a substantial change of circumstances since the 2006 restitution order making it impossible for him to comply with the restitution order, and therefore, he is entitled to relief under R.C. 2929.18(A)(1) and (E).

{¶ 10} "The sentence imposed on an offender for a felony may include financial sanctions, including restitution in an amount based on the victim's economic loss." *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, ¶ 6. "Because an order of restitution is 'indisputably part of the sentence,' an order of restitution is a final appealable order." *State v. Getz*, 12th Dist. Butler No. CA2015-08-159, 2016-Ohio-3397, ¶ 11; *Danison* at ¶ 8.

{¶ 11} R.C. 2929.18(A)(1) governs the manner in which a trial court may award restitution. The statute provides that if the trial court imposes restitution, the court must determine the amount at sentencing. Once the trial court determines the amount of restitution at sentencing, the defendant is given the opportunity to dispute the amount. If the amount is disputed, the trial court must hold a hearing to establish the appropriate amount of restitution. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, ¶ 22. If the defendant does not challenge the amount of restitution, no hearing is necessary and the award of restitution becomes final and appealable. *Getz* at ¶ 16.

{¶ 12} R.C. 2929.18(A)(1) also provides that "the offender may file a motion for modification of the payment terms of any restitution ordered. If the court grants the motion, it may modify the payment terms as it determines appropriate."

{¶ 13} R.C. 2929.18(E) provides that "[a] court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it."

{¶ 14} We find that the trial court did not err in denying appellant's motion to modify or terminate restitution without a hearing.

{¶ 15} "In matters of criminal sentencing, the trial court does not have inherent power to act, but has only such power as is conferred by statute or rule." *State v. Purnell*, 1st Dist. Hamilton No. C-060037, 2006-Ohio-6160, ¶ 10. In *Purnell*, the First Appellate District considered whether a trial court has jurisdiction under R.C. 2929.18(A)(1) to increase, in a post-sentence order, the amount of restitution it had originally imposed at sentencing. The appellate court held that the trial court had "no statutory authority to increase the restitution amount" after imposing sentence: "There is no statutory authority for the trial court to exercise continuing jurisdiction to modify the amount of a financial sanction. It can, however, modify the 'payment terms of any restitution[.]'" *Id.* at ¶ 9-10. Subsequently, and relying upon *Purnell*, the Fifth Appellate District held that a trial court has no jurisdiction, after it journalizes the offender's sentence, to decrease the amount of restitution originally imposed at sentencing. *State v. Corbitt*, 5th Dist. Richland No. 2011-CA-107, 2012-Ohio-3795, ¶10-18.

{¶ 16} We recently addressed whether a defendant can request a restitution hearing at any time under R.C. 2929.18(A)(1) and whether a trial court retains jurisdiction over its restitution orders. *Getz*, 2016-Ohio-3397. Relying upon *Purnell* and *Corbitt*, we held that a trial court "[does] not possess continuing jurisdiction under R.C. 2929.18(A)(1) to [either] hold a restitution hearing to reconsider the imposed financial sanctions" or to modify the amount of restitution after sentencing. *Getz* at ¶ 13. *See also State v. Sekic*, 8th Dist. Cuyahoga No. 95679, 2011-Ohio-4809, ¶ 47 (finding there is no statutory authority allowing a trial court to exercise continuing jurisdiction to modify the amount of restitution after sentencing).

{¶ 17} In the case at bar, appellant filed a motion to modify or terminate restitution, arguing he was financially unable to pay any sum at all. The motion did not state that it was pursuant to R.C. 2929.18(A)(1) and (E). As phrased, appellant's motion seemingly seeks to decrease or terminate the *amount* of restitution. The trial court obviously construed

- 4 -

appellant's motion in this manner. However, as stated above, a trial court does not have continuing jurisdiction under R.C. 2929.18(A)(1) to increase, decrease, or otherwise modify the amount of restitution after sentencing. While R.C. 2929.18(A)(1) allows an offender to "file a motion for modification of the *payment terms* of any restitution ordered," the statute does not, contrary to appellant's assertion, allow an offender's post-sentence motion to modify the amount of restitution. *See State v. Naylor*, 2d Dist. Montgomery No. 23459, 2010-Ohio-988 (there is no mechanism in place under R.C. 2929.18[A][1] for a defendant's post-sentence motion to modify the amount of restitution).

{¶ 18} A motion to modify or terminate the amount of restitution is not permitted under R.C. 2929.18(A)(1). *State v. Stechschulte*, 11th Dist. Lake No. 2013-L-027, 2014-Ohio-4291, ¶ 23. Because the sentencing entry did not specify payment terms and appellant's motion did not seek an order relating to payment terms pursuant to R.C. 2929.18(A)(1), the only thing that was subject to modification or termination was the amount of restitution ordered. Therefore, the trial court did not err in construing the motion as one to modify or terminate the amount of restitution and in denying the motion without a hearing.[2]

{¶ 19} Furthermore, in contrast to the R.C. 2929.18(A)(1) aspects of this case, appellant's claim that he is entitled to a hearing pursuant to R.C. 2929.18(E) "to determine whether [he] is able to pay [restitution] or is likely in the future to be able to pay it" is barred by res judicata. R.C. 2929.18(E) provides for a hearing at the time of sentencing when the trial court originally considers whether to order restitution as part of the sentence. R.C. 2929.18(E) does not invest the trial court with continuing jurisdiction to revisit a restitution order based upon an offender's changing financial circumstances. If appellant believed the

---

2. We are mindful we have affirmed the trial court's denial of appellant's motion to modify or terminate restitution, but for different reasons than those set forth in the trial court's January 6, 2016 entry. However, an appellate court must affirm a trial court's judgment if upon review any valid grounds are found to support it. *See State v. Horton*, 12th Dist. Clermont No. CA2000-04-024, 2000 WL 1875803, *4, fn. 1 (Dec. 26, 2000). We are also mindful that appellant did not direct the trial court's attention to R.C. 2929.18(A)(1) and (E).

trial court erred by not affording him a R.C. 2929.18(E) hearing or in its determination of appellant's ability to pay restitution pursuant to R.C. 2929.18(E), he should have taken a direct appeal of that issue. Appellant did not. Therefore, any matter related to R.C. 2929.18(E) is barred by res judicata.

{¶ 20} Appellant's first and second assignments of error are overruled.

{¶ 21} Judgment affirmed.

S. POWELL AND PIPER, JJ., concur.