[Cite as *State v. Taylor*, 2019-Ohio-3437.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2018-11-021 |
| Appellee, | : | O P I N I O N<br>8/26/2019 |
| | : | |
| - vs - | : | |
| | : | |
| BRANDON JOSHUA TAYLOR, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20180057

Jess C. Weade, Fayette County Prosecuting Attorney, Sean M. Abbott, Fayette County Courthouse, 110 East Court Street, Washington Court House, Ohio 43160, for appellee

Steven H. Eckstein, 1208 Bramble Avenue, Washington Court House, Ohio 43160, for appellant

**M. POWELL, J.**

{¶ 1} Appellant, Brandon Joshua Taylor, appeals his conviction in the Fayette County Court of Common Pleas for aggravated robbery, felonious assault, and tampering with evidence.

{¶ 2} On November 28, 2017, Lee Watkins arranged to meet with Aaron Mosley on

the parking lot of a Fayette County church to sell Mosley a pound of marijuana for $3,000. Watkins arrived at the church around 6:30 p.m. He removed the marijuana from the trunk of his car and sat with it inside the vehicle awaiting Mosley's arrival. Thereafter, Mosley arrived and parked his car near Watkins' vehicle. Unbeknownst to Watkins, Mosley was accompanied by appellant, a person unknown to Watkins. Appellant was armed with a Smith & Wesson 9mm pistol.

{¶ 3} Mosley exited his car and sat with Watkins in Watkins' car. Appellant remained in Mosley's car. Although Mosley had not yet paid him, Watkins gave the marijuana to Mosley. Subsequently, the two talked and drank Hennessy cognac for about 20 minutes. Appellant then approached Watkins' car, pointed his handgun at Watkins, ordered him out of the car, and demanded the marijuana. Watkins exited his vehicle. A struggle over the handgun ensued between appellant and Watkins. During the struggle, appellant's handgun discharged, striking him in a forearm and Watkins in the chest. Mosley and appellant then fled the scene with the marijuana without paying for it.

{¶ 4} A church worker present on the parking lot witnessed the struggle between appellant and Watkins. Upon hearing a gunshot, the worker retreated to safety, then called 9-1-1. A deputy sheriff dispatched to the scene found Watkins bleeding in his car with a gunshot wound to the chest. Watkins was subsequently air-lifted to a hospital.

{¶ 5} Sergeant Jon Fausnaugh of the Fayette County Sheriff's Office and Ohio Bureau of Criminal Investigation ("BCI") Special Agent Todd Fortner assisted with processing the scene. While searching Watkins' car, Agent Fortner noticed an odor of marijuana in the trunk of the car; however, no marijuana was found in the trunk. An empty bottle of Hennessy cognac was found in Watkins' car. A shell casing was also found at the scene.

{¶ 6} During his investigation, Sergeant Fausnaugh learned from Watkins that

Mosley and another person unknown to Watkins were involved. Upon interviewing Mosley, Sergeant Fausnaugh learned that the third individual was appellant. Upon interviewing appellant, the sergeant learned that appellant had pawned the Smith & Wesson 9mm handgun. The handgun was subsequently retrieved from a pawn shop and test fired. The testing revealed that the shell casing found at the scene was fired from appellant's handgun.

{¶ 7} Appellant was indicted in February 2018 on one count of aggravated robbery with a firearm specification, two counts of felonious assault, both with a firearm specification, one count of tampering with evidence, and one count of discharging a firearm on or near prohibited premises. Appellant entered a plea of not guilty and the matter proceeded to a jury trial. At trial, the church worker, the deputy sheriff, a BCI firearm expert, Agent Fortner, Sergeant Fausnaugh, and Watkins testified on behalf of the state. Appellant did not testify or present witnesses on his behalf.

{¶ 8} Sergeant Fausnaugh testified how his investigation of the shooting led him to interview appellant. During the interview, appellant stated that he accompanied Mosley to the drug deal; once they arrived at the church, he remained in Mosley's car and Mosley went into Watkins' car; and 30 minutes later, armed with his Smith & Wesson 9mm handgun, appellant exited Mosley's car and approached Watkins' car. Appellant claimed that an armed Watkins then exited his car, put his weapon down, and then grabbed appellant's handgun. Appellant further claimed that the handgun discharged when he tried to take it back from Watkins. Appellant told the sergeant he had pawned the handgun because he needed money to buy food.

{¶ 9} Watkins testified he did not know appellant accompanied Mosley to the drug transaction. He further testified that once appellant pointed the 9mm handgun at him, he exited his car and put his hands up. Meanwhile, Mosley exited Watkins' car with the pound of marijuana in hand and jumped into his own car. Subsequently, Watkins tried to grab the

- 3 -

9mm handgun from appellant and the two struggled over the weapon. Watkins did not hear the handgun go off but saw "the shell fly." He then became extremely weak and managed to get back in his car where he tried to call 9-1-1. Meanwhile, appellant jumped into Mosley's car and the two fled the scene. Watkins denied pulling the trigger of the 9mm handgun. He further denied he had a weapon.

{¶ 10} In its discovery response to appellant, the state disclosed that Watkins had a juvenile criminal record. The discovery indicated that Watkins was born in 1992 and that he was adjudicated delinquent for aggravated robbery in 2007. On cross-examination, defense counsel asked Watkins whether he had been convicted of a felony offense within the last ten years. The trial court sustained the state's objection and instructed the jury to disregard the question.

{¶ 11} After the state rested its case-in-chief, appellant moved for acquittal pursuant to Crim.R. 29. The trial court denied the motion. Appellant then admitted a single exhibit and rested without calling witnesses. On October 25, 2018, the jury found appellant guilty as charged. Appellant was subsequently sentenced to an aggregate 14-year prison term.

{¶ 12} Appellant now appeals, raising four assignments of error. The third and fourth assignments of error will be considered together.

{¶ 13} Assignment of Error No. 1:

{¶ 14} TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE DURING TRIAL IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 15} Appellant argues that defense counsel was ineffective during voir dire for failing to use a peremptory challenge to remove juror M., a former employee of the Fayette County Sheriff's Office and current employee of a probation department. Defense counsel

- 4 -

used three peremptory challenges to excuse two other jurors and an alternate juror.

{¶ 16} To establish ineffective assistance of counsel, appellant must show (1) deficient performance by counsel, that is, performance falling below an objective standard of reasonable representation, and (2) prejudice, that is, a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052 (1984); *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62. The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 39.

{¶ 17} Voir dire is largely a matter of strategy and tactics. *State v. Cruz*, 12th Dist. Butler No. CA2012-03-059, 2013-Ohio-215, ¶ 40, citing *State v. Keith*, 79 Ohio St.3d 514, 521 (1997). Decisions on the exercise of peremptory challenges are a matter of experience and trial technique and are a part of that strategy. *State v. Goodwin*, 84 Ohio St.3d 331, 341 (1999). Defense counsel, who observes the jurors firsthand, is in a much better position to determine whether a prospective juror should be peremptorily challenged. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, ¶ 99. "[B]ecause the use of peremptory challenges is inherently subjective and intuitive, an appellate record will rarely disclose reversible incompetence in this process." *Mundt*, 2007-Ohio-4836 at ¶ 83.

{¶ 18} Appellant has failed to establish that defense counsel was deficient or that he was prejudiced by defense counsel's failure to use a peremptory challenge against juror M. With regard to prejudice, "when a defendant bases an ineffective-assistance claim on an assertion that his counsel allowed the impanelment of a biased juror, the defendant '*must* show that the juror was *actually biased* against him.'" (Emphasis sic.) *Mundt* at ¶ 67, quoting *Miller v. Francis*, 269 F.3d 609, 616 (6th Cir.2001).

{¶ 19} The voir dire transcript reflects a number of instances where juror M.'s

responses to questions were inaudible. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Appellant has not attempted to reconstruct the voir dire record under App.R. 9. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, must presume the validity of the proceedings below. *Id.* Appellant has therefore failed to show that juror M. was actually biased against him.

{¶ 20} Further, the record does not demonstrate "reversible incompetence" in defense counsel's decision not to use one of his four peremptory challenges against juror M. The record is devoid of any information regarding one of the excused jurors. As for the other excluded jurors, including the alternate juror, the voir dire transcript once again reflects that their answers to questions were inaudible. Nevertheless, it could very well be that the jurors peremptorily challenged by defense counsel were deemed to be jurors more damaging to appellant's case than juror M., based on their questionnaires (which are not before us) and their demeanor and answers during voir dire. The reasons to peremptorily challenge these jurors might have been readily apparent to those viewing these jurors as they answered their questions. *See Keith*, 79 Ohio St.3d 514; *Cruz*, 2013-Ohio-215. As the Ohio Supreme Court recognized, "[f]ew decisions at trial are as subjective or prone to individual attorney strategy as juror voir dire, where decisions are often made on the basis of intangible factors. The selection of a jury is inevitably a call upon experience and intuition." *Mundt,* 2007-Ohio-4836 at ¶ 83.

{¶ 21} We therefore find that defense counsel was not ineffective for failing to use a peremptory challenge against juror M. Appellant's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

- 6 -

{¶ 23} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW CROSS-EXAMINATION ON A PRIOR CONVICTION OF A STATE'S WITNESS UNDER EVID.R. 609.

{¶ 24} Appellant argues the trial court erred "when it denied defense counsel the opportunity to cross-examine [Watkins] on his prior conviction for aggravated robbery," and in subsequently finding that such evidence was inadmissible under Evid.R. 609.

{¶ 25} As stated above, the state disclosed in its discovery response that Watkins had a juvenile criminal record.  The discovery indicated that Watkins was born in 1992 and that he was adjudicated delinquent for aggravated robbery in 2007 and subsequently sentenced to probation for 12 months.  The trial court did not allow defense counsel to cross-examine Watkins about this adjudication.  After the state rested, and outside of the jury's presence, the trial court brought up the issue, stating

> [W]e had been talking about off the record * * * since the start of the trial * * * whether or not there is a conviction * * * that would be admissible under [Evid.R.] 609.  The Court has been researching that during the trial and * * * I meant to put on the record that I was considering a motion in limine on behalf of the State to keep that * * * out of the evidence here[.]

{¶ 26} Defense counsel admitted he had not notified the state of his intent to use such evidence as required by Evid.R. 609, calling the lack of notification a lapse.  The trial court ultimately prohibited use of Watkins' delinquent adjudication for aggravated robbery on the ground defense counsel had not given notice of his intent to use the adjudication as required by Evid.R. 609(B), even though "the criminal history was given [several] months ago."

{¶ 27} Evid.R. 609(A) governs the admission of prior convictions of a witness for the purpose of impeaching the witness.  "A trial court is afforded broad discretion in determining the extent to which such evidence may be admitted under Evid.R. 609."  *State v. Brown*,

100 Ohio St.3d 51, 2003-Ohio-5059, ¶ 27.

{¶ 28} Evid.R. 609(B) provides in pertinent part that

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of * * * probation * * * imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

{¶ 29} Thus, if more than ten years has elapsed since the date of the conviction, the release of the witness from confinement, or the termination of the probation imposed for the same conviction, evidence of the conviction is not admissible unless the following two conditions are met: (1) the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect; and (2) the proponent of the admission gives sufficient advance written notice of intent to use such evidence. *State v. Ross*, 10th Dist. Franklin No. 17AP-141, 2018-Ohio-3027, ¶ 18.

{¶ 30} Appellant argues that prohibiting him from using Watkins' delinquent adjudication was prejudicial error because the purpose of Evid.R. 609(B) requiring advance notice of an intent to use the prior adjudication was served herein with the state's filing of the motion in limine. Appellant further challenges the trial court's failure to consider any circumstances relating to whether the probative value of the conviction substantially outweighs its prejudicial effect.

{¶ 31} Notwithstanding appellant's foregoing arguments, Evid.R. 609(D) plainly provides that "[e]vidence of juvenile adjudications is not admissible except as provided by

statute enacted by the General Assembly." We note that before prohibiting the use of Watkins' adjudication under Evid.R. 609(B), the trial court briefly referred to Evid.R. 609(D) but found that "[t]here's no reference to any statute."

{¶ 32} R.C. 2151.357(H) provides that evidence of juvenile adjudications "is not admissible to impeach the credibility of a child in any action or proceeding." As we have held, "[c]onstruing Evid.R. 609(D) and R.C. 2151.357(H) together, it is clear that a juvenile court adjudication cannot be introduced for the purpose of impeaching a witness's credibility. Such evidence may be introduced for other limited purposes, such as bias by the witness toward the party in litigation." (Citation omitted.) *State v. Newton*, 12th Dist. Warren No. CA89-01-002, 1989 Ohio App. LEXIS 3798, *7 (Sept. 29, 1989). Thus, "in order to have such evidence admitted, a defendant must [show] that he intends to use the evidence for a proper purpose, which does not include an attempt merely to impeach the witness' credibility." *State v. Murray*, 12th Dist. Warren No. CA2008-10-125, 2009-Ohio-2963, ¶ 9.

{¶ 33} The state's discovery indicates that Watkins was 15 years old when he was adjudicated delinquent for aggravated robbery in 2007. At trial, the defense theory was that Watkins was the one who pulled the trigger. Appellant asserts that the admission of Watkins' adjudication would have enhanced appellant's case and showed that Watkins "was a man of violence[,] not a victim of a man of violence." The foregoing makes it clear that defense counsel sought admission of Watkins' adjudication to show that Watkins was lying, that is, solely to impeach his credibility, which is the exact purpose for which such evidence is inadmissible under R.C. 2151.357(H) and Evid.R. 609(D). The trial court, therefore, did not abuse its discretion in not allowing defense counsel to cross-examine Watkins about his adjudication and in finding that such evidence was inadmissible under Evid.R. 609.

{¶ 34} We are mindful that the trial court ruled that Watkins' adjudication was

inadmissible on the basis of Evid.R. 609(B) and not Evid.R. 609(D). However, a reviewing court passes only upon the correctness of the judgment, not the reasons therefor. *State v. Horton*, 12th Dist. Clermont No. CA2000-04-024, 2000 Ohio App. LEXIS 6098, *10, fn. 1 (Dec. 26, 2000). An appellate court must affirm a trial court's judgment if upon review any valid grounds are found to support it. *State v. Downey*, 12th Dist. Clermont No. CA2016-02-006, 2016-Ohio-5778, ¶ 18, fn. 2.

{¶ 35} Appellant's second assignment of error is overruled.

{¶ 36} Assignment of Error No. 3:

{¶ 37} THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S CRIM.R. 29 MOTION FOR ACQUITTAL AS THE EVIDENCE PRESENTED WAS INSUFFICIENT TO CONCLUDE THAT GUILT HAD BEEN PROVEN BEYOND A REASONABLE DOUBT IN VIOLATION OF HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶ 38} Assignment of Error No. 4:

{¶ 39} THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶ 40} Appellant argues that his convictions for aggravated robbery, felonious assault, and tampering with evidence were not supported by sufficient evidence and were against the manifest weight of the evidence.

{¶ 41} When reviewing the sufficiency of the evidence underlying a criminal

conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Workman*, 12th Dist. Clermont Nos. CA2016-12-082 and CA2016-12-083, 2017-Ohio-8638, ¶ 20. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Watson*, 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 22.

{¶ 42} To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Bradbury*, 12th Dist. Butler No. CA2015-06-111, 2016-Ohio-5091, ¶ 17. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.* at ¶ 18. A "determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Peyton*, 12th Dist. Butler No. CA2015-06-112, 2017-Ohio-243, ¶ 48.

{¶ 43} Appellant was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1) for using a firearm in the commission of a theft of marijuana from Watkins. Appellant argues that the state failed to prove a theft offense occurred because no money or marijuana was ever recovered; furthermore, Watkins' testimony was not credible.

{¶ 44} We find that the jury did not lose its way and create a miscarriage of justice in finding appellant guilty of aggravated robbery. Watkins testified that he met with Mosley on the parking lot of the church to sell him a pound of marijuana for $3,000 and that he

transported the marijuana in the trunk of his car. This testimony was corroborated by Agent Fortner's testimony there was an odor of marijuana in the trunk of Watkins' car. After Watkins handed the marijuana to Mosley and as the two men sat in Watkins' car, appellant approached the vehicle, pointed his handgun at Watkins, ordered him out of the car, and demanded the marijuana. Watkins' trial testimony and appellant's statements to Sergeant Fausnaugh show that following the discharge of appellant's handgun, appellant and Mosley fled the scene with the marijuana without paying for it. The foregoing evidence, if believed, was enough to convict appellant of aggravated robbery. As the trier of fact, the jury was in the best position to judge Watkins' credibility and determine what weight to give to his testimony. *State v. Wright*, 12th Dist. Fayette No. CA2017-10-021, 2018-Ohio-1982, ¶ 30. By its verdict, the jury plainly chose to credit Watkins' testimony.

{¶ 45} Appellant was further convicted of felonious assault in violation of R.C. 2903.11(A)(1), which provides in relevant part that "[n]o person shall knowingly [c]ause serious physical harm to another." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Appellant argues that the state failed to prove he knowingly caused the gunshot wound to Watkins. Appellant asserts that the men's tussle over appellant's handgun was an unforeseen intervening act resulting in the accidental discharge of the firearm and thus, relieving him of the responsibility for Watkins' injury.

{¶ 46} It is a fundamental principle that a person is presumed to intend the natural, reasonable, and probable consequences of his voluntary acts. *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶ 143; *State v. Spates*, 8th Dist. Cuyahoga No. 100933, 2015-Ohio-1014, ¶ 54. An accused need not foresee the precise consequences of his conduct. *Spates* at ¶ 54. To be actionable, it is only necessary that the result is within the natural

and logical scope of risk created by the conduct. *Id.*

{¶ 47} It is uncontroverted that appellant set into motion the sequence of events by approaching Watkins' car armed with the loaded 9mm handgun, pointing the handgun at Watkins, ordering him out of the car, and demanding the marijuana. Subsequently, whether Watkins surrendered his weapon as appellant asserts or never had a weapon as Watkins testified, appellant could have reasonably foreseen that his unprovoked confrontation of Watkins with a firearm would result in Watkins' active resistance and attempt at disarming appellant. Thus, the men's struggle over the handgun and the resulting discharge of the firearm were a reasonable possibility. *See State v. Johnson*, 4th Dist. Scioto No. 13CA3580, 2014-Ohio-4443.

{¶ 48} Even if the men's struggle over the handgun constituted an intervening act, it was a reasonable, foreseeable response to an armed appellant confronting Watkins rather than a mere coincidence as appellant asserts. Because Watkins' actions in attempting to neutralize and disarm appellant were neither abnormal nor unforeseeable, they did not break the chain of causation so as to relieve appellant from criminal liability for felonious assault related to the serious physical injury suffered by Watkins. *Id.*

{¶ 49} The jury was presented with two different versions as to how the struggle began and the handgun discharged. Appellant claimed that the handgun discharged when he tried to take it back from Watkins whereas Watkins testified the handgun discharged as he was trying to disarm appellant. Appellant's conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony. *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. By its verdict, the jury plainly chose to credit Watkins' testimony.

{¶ 50} Appellant was further convicted of tampering with evidence in violation of R.C. 2921.12(A)(1), which provides in relevant part that "[n]o person, knowing that an official

proceeding or investigation is in progress, or is about to be or likely to be instituted, shall [a]lter, destroy, conceal, or remove any thing with purpose to impair its value or availability as evidence in such proceeding or investigation." Appellant argues the state failed to prove that his intent in pawning the 9mm handgun was to impair its value or availability as evidence. Appellant asserts that the only evidence of his intent in pawning the handgun was his statement to Sergeant Fausnaugh that he pawned the handgun for money.

{¶ 51} A conviction for tampering with evidence requires "proof that the defendant intended to impair the value or availability of evidence that related to an existing or likely official investigation or proceeding." *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, ¶ 19. "Likelihood is measured at the time of the act of alleged tampering." *Id.* Tampering with evidence requires a person to act with purpose, meaning the person has a specific intention to cause a certain result. *See* R.C. 2901.22(A). Purpose is generally shown by circumstantial evidence. *State v. McGee*, 1st Dist. Hamilton No. C-150496, 2016-Ohio-7510, ¶ 28.

{¶ 52} We find that the jury did not lose its way and create a miscarriage of justice in finding appellant guilty of tampering with evidence. Appellant's specific intent to impair the value or availability of the 9mm handgun after the shooting can be inferred from the fact that although appellant was shot when Watkins allegedly tried to rob him, appellant did not report the incident to the police and subsequently pawned the handgun. Thus, a reasonable inference could be made from appellant's actions that he intended to put the handgun beyond the reach of the investigation. Appellant certainly had a motivation to dispose of the handgun. The fact that appellant received money for pawning his handgun does not necessarily mean he did not dispose of the handgun with the intent to impair its value or availability as evidence in the police investigation of the shooting. By its verdict, the jury plainly rejected appellant's alleged reason for pawning the handgun.

{¶ 53} In light of all of the foregoing, we find that appellant's convictions for aggravated robbery, felonious assault, and tampering with evidence were not against the manifest weight of the evidence. Our determination that appellant's convictions were supported by the weight of the evidence is also dispositive of the issue of sufficiency. *Peyton*, 2017-Ohio-243 at ¶ 48.

{¶ 54} Appellant's third and fourth assignments of error are overruled.

{¶ 55} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.