[Cite as *State v. Platt*, 2020-Ohio-1430.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-06-089 |
| | : | O P I N I O N |
| - vs - | | 4/13/2020 |
| | : | |
| ADRIAN PLATT II, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 19 CRB 01595

Neal D. Schuett, City of Hamilton Prosecuting Attorney, 345 High Street, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, Adrian Platt II, appeals from his conviction in the Hamilton Municipal Court for domestic violence.

{¶ 2} In May 2019, appellant was charged by complaint with one count of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A). The charge resulted from a confrontation between appellant and the mother of his child. The case proceeded

to a bench trial in June 2019. At trial only two witnesses testified, the victim and appellant, and no other evidence was submitted. The victim testified that she was in a romantic relationship with appellant, lived together with him, and had a child by him. On one evening in April 2019, the victim was home alone taking care of their infant child while appellant was out drinking and bar hopping with friends. The victim testified that appellant's absence from the home caused her to become angry. This anger was exacerbated by appellant's failure to answer several of her telephone calls. When she did make contact with appellant, she proceeded to yell at him with profanity-laden language.

{¶ 3} Eventually, appellant returned home. Both witnesses testified that appellant was intoxicated. Upon his arrival, appellant went to the couple's bedroom to go to sleep. The victim then checked appellant's telephone and found messages from other women. Further displeased by this, the victim testified that she began to express her frustration by demanding that appellant get out of bed and leave the apartment. Appellant disregarded these initial entreaties so the victim began to force appellant out of the bed. In her effort to remove him from the bed, she lost her balance and fell, hitting her head against a nearby dresser.

{¶ 4} Having been removed from the bed, appellant got up, gathered some clothes, and headed to the door to leave the apartment. Seeing appellant moving to leave, the victim testified that she decided she no longer wanted him to leave and attempted to stop his departure. Therefore, the victim put herself between the door and appellant. A struggle ensued as appellant tried to open the door and exit, while the victim tried to keep him from leaving. In her resistance, the victim testified that she both scratched and pushed appellant to keep him away from the door. The victim testified that "I want to say he put his hands up in front of his face and I went and he went back and it busted my lip." Later the victim clarified by saying "when we were at the front door, when [appellant] went back to cover up

- 2 -

his face and I went forward, he like kind of guarded his face, it hit me back in my face and my lip did get busted." The injury occurred as appellant was reaching around the victim while simultaneously defending his face. The victim testified that she did not think that appellant was trying to cause the injury, but it was part of the heat of the moment while he attempted to leave the apartment.

{¶ 5} Appellant's testimony related the same basic facts as the victim. Appellant testified that he returned home and tried to go to sleep. The victim yelled at him and told him to leave, so appellant started to leave. At the door, appellant was met by the victim, who got up in his face, and he had to move her out of the way to open the door. Appellant testified that he did not realize the victim suffered an injury and did not recall seeing any injuries on her the following day.

{¶ 6} Ultimately, the trial court found appellant guilty as charged based upon the victim's injury to her lip. The trial court found that injury was a reasonably expected outcome of appellant *forcibly* moving her out of his way. Furthermore, the trial court found that self-defense did not apply because there was no evidence that appellant was in fear of personal harm. The trial court sentenced appellant to a suspended jail term, two years of community control, and a fine.

{¶ 7} Appellant now appeals, raising two assignments of error for review. For ease of analysis we will discuss the assignments of error out of order.

{¶ 8} Assignment of Error No. 2:

{¶ 9} MR. PLATT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 10} In his second assignment of error, appellant argues that his conviction was against the manifest weight of the evidence because there was unpersuasive evidence that appellant knowingly caused the victim injury.

{¶ 11} A manifest weight of the evidence challenge requires an appellate court to examine the greater amount of credible evidence, offered at trial, to support one side of the issue over the other. *State v. Chasteen*, 12th Dist. Butler No. CA2013-12-223, 2014-Ohio-4622, ¶ 10. To do this, an appellate court must review the entire record, consider witness credibility, and weigh the evidence with all the reasonable inferences. *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 11 (12th Dist.). In conducting this review, an appellate court must determine whether the trier of fact, in resolving conflicts in the evidence, clearly lost its way and created a manifest miscarriage of justice such that the conviction must be reversed and a new trial ordered. *State v. Taylor*, 12th Dist. Fayette No. CA2018-11-021, 2019-Ohio-3437, ¶ 42. While the manifest weight challenge requires the reviewing court to weigh credibility, an appellate court must be mindful that the trier of fact has the primary role in weighing the evidence and evaluating witness credibility. *State v. Salinger*, 12th Dist. Butler No. CA2014-10-208, 2015-Ohio-2821, ¶ 15, citing *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). Therefore, an appellate court will overturn a conviction as being against the manifest weight only in extraordinary circumstances, to correct a manifest injustice, where the evidence at trial weighs heavily in favor of acquittal. *State v. Cobb*, 12th Dist. Butler No. CA2007-06-153, 2008-Ohio-5210, ¶ 95, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 12} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A). Pursuant to this statute, the prosecution had to prove that appellant knowingly caused or attempted to cause physical harm to a family or household member. *Id.* Therefore, the culpable mental state for the offense is knowingly. Knowingly is defined by statute as "when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). As this court has previously explained,

[a]bsent a defendant's admission regarding his knowledge,

whether a person acts knowingly can only be determined from all the surrounding facts and circumstances, including the doing of the act itself.

*State v. Hilton*, 12th Dist. Butler No. CA2015-03-064, 2015-Ohio-5198, ¶ 20.

{¶ 13} We find that appellant's conviction was against the manifest weight of the evidence. The victim testified that she was angry with appellant and was in an excited emotional state. In this state she initially wanted appellant to leave. To escape the tense environment, appellant decided to simply leave. Reconsidering her demand, the victim changed her mind and tried to stop appellant's departure. Both the victim and appellant testified that appellant's only force against the victim was to push or "nudge" her out of his way in his effort to extricate himself from the situation. Additionally, the victim testified that "I don't think he was trying to bust my lip" and "I don't think he initially was just like let me just hit you in your mouth." While we note that an intent to cause harm is not the requisite mental state, there is simply too little evidence that appellant's limited action was of such a *knowing* and violent significance that the prosecution proved appellant was aware that his conduct would probably cause the certain result of injuring the victim's lip.

{¶ 14} Appellant testified that as he was trying to leave, he had to move the victim out of the way. Neither the victim, nor appellant testified that appellant struck out at the victim. The prosecution did not elicit any specific testimony as to how the lip injury occurred. Therefore, the record only shows that the victim became injured as a part of her own actions against appellant, i.e. her effort in stopping him from leaving. While it is troubling that the victim's testimony was markedly different from the charging instrument in the record, the trial court sustained appellant's objection to the introduction of the victim's prior inconsistent statement to police and the prosecution did not offer evidence beyond the victim's testimony.

{¶ 15} Consequently, appellant's conviction is against the weight of the evidence and

the second assignment of error is sustained.

{¶ 16} Assignment of Error No. 1:

{¶ 17} THE STATE PRESENTED INSUFFICIENT EVIDENCE TO CONVICT MR. PLATT OF DOMESTIC VIOLENCE.

{¶ 18} In his first assignment of error, appellant argues that the evidence was insufficient to convict him because the prosecution failed to prove that he acted with the requisite mental state for the offense.  The resolution of the second assignment of error moots appellant's first assignment.  App.R. 12(A)(1)(c).

{¶ 19} Judgement reversed and the cause is remanded to the trial court for further proceedings.


HENDRICKSON, P.J., and PIPER, J., concur.